Christopher Lovrien (State Bar No. 230546)
Email: cjlovrien@jonesday.com
Brian D. Hershman (State Bar No. 168175)
Email: bhershman@jonesday.com
Erica L. Reilley (State Bar No. 211615)
Email: elreilley@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone: +1.213.489.3939
Facsimile:  +1.213.243.2539

Attorneys for Defendants
AHMED AL-RUMAIHI and AYMAN SABI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG3 LLC, et al.<br><br>             Plaintiffs,<br><br>      v.<br><br>AHMED AL-RUMAIHI, et al.<br><br>             Defendants. | No. 2:18-cv-03466-DMG (SKx)<br><br>Assigned for all purposes to<br>Hon. Dolly M. Gee<br><br>**DECLARATION OF BRIAN D. HERSHMAN IN SUPPORT OF OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO COORDINATE PENDING HEARINGS, CONTINUING THE HEARING ON DEFENDANTS' ANTI-SLAPP MOTION AND/OR SPECIALLY SETTING A BRIEFING AND HEARING SCHEDULE FOR PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY PURSUANT TO CCP §425.16(g)**<br><br>Hearing Date: June 15, 2018<br>Hearing Time: 9:30 a.m.<br>Courtroom:      8C |

I, Brian D. Hershman, declare as follows:

1.      I am a partner at the law firm of Jones Day, counsel of record for

defendants Ahmed Al-Rumaihi and Ayman Sabi (together, the "Defendants").  I

1   make this declaration in support of the Defendants' Opposition to Plaintiffs' *Ex*

2   *Parte* Application To Coordinate Pending Hearings, Continuing the Hearing on

3   Defendants' Anti-SLAPP Motion And/Or Specially Setting A Briefing and Hearing

4   Schedule For Plaintiffs' Motion To Lift Discovery Stay Pursuant To CCP

5   §425.16(g).  I have personal knowledge of the following facts and could and would

6   competently testify thereto if called as a witness in this matter.

7        2.    On Saturday May 19 at 7:37 p.m., Plaintiffs informed me that they

8   intended to move for *ex parte* relief on Monday, May 21, seeking to postpone

9   Defendants' duly filed and scheduled Anti-SLAPP motion by a month.  On Sunday,

10   May 20, I responded and explained that the *ex parte* application was procedurally

11   and substantively defective: (1) the Saturday night notice was deficient; (2) the

12   discovery Plaintiffs sought was improper and irrelevant; and (3) the Court had

13   already decided the briefing schedule on the Anti-SLAPP motion in its May 9 order

14   on Plaintiffs' first *ex parte* application.  Attached hereto as Exhibit A is a true and

15   correct copy of the email exchange with Plaintiffs' counsel from Wednesday, May

16   16, 2018 through Sunday, May 20, 2018.

17        3.    On Wednesday, April 25, 2018, at 3:14 p.m., I called Plaintiffs'

18   counsel, Mark Geragos, to meet and confer regarding the Defendants' anticipated

19   motion to strike under California Code of Civil Procedure section 425.16, *et seq*.  I

20   followed up on my voicemail with an email to Mr. Geragos that detailed

21   Defendants' substantive positions on the issues in their Anti-SLAPP Motion.  A

22   short email response from Mr. Geragos confirmed that Plaintiffs had received my

23   messages that same day.  Attached hereto as Exhibit B is a true and correct copy of

24   the email exchange with Plaintiffs' counsel from Wednesday, April 25, 2018

25   through Saturday, April 28, 2018.

26        4.    On May 17, 2018, Plaintiffs' counsel stated in an email

27   correspondence that it was "obvious" that they would need the discovery requested

28   to oppose the Anti-SLAPP motion as early as April 25, 2018, when Defendants

notified Plaintiffs of their intent to file the Anti-SLAPP motion.  Attached hereto as Exhibit C is a true and correct copy of the email exchange with Plaintiffs' counsel from Wednesday, May 16 through Thursday, May 17, 2018.

Executed this 22nd day of May, 2018, at Los Angeles, California.

_____
Brian D. Hershman

**DECLARATION OF BRIAN D. HERSHMAN IN SUPPORT OF OPPOSITION *TO EX PARTE***

# EXHIBIT A

**Collymore, Stephanie J.**

| | |
|---|---|
| **From:** | Ciarlo, David A. |
| **Sent:** | Sunday, May 20, 2018 9:38 PM |
| **To:** | Collymore, Stephanie J. |
| **Cc:** | Buck, Chane |
| **Subject:** | FW: Meet and Confer re Big3 Anti-Slapp discovery |

**From:** Hershman, Brian D.
**Sent:** Sunday, May 20, 2018 9:27 PM
**To:** 'David Erikson' <erikson@geragos.com>
**Cc:** Ben Meiselas <meiselas@geragos.com>
**Subject:** RE: Meet and Confer re Big3 Anti-Slapp discovery

David,

For the reasons discussed below, Defendants are not willing to postpone the hearing on Defendants' duly noticed Anti-SLAPP Motion by a month, as Plaintiffs request.  Plaintiffs' motion for discovery is improper, and provides no basis to further continue the hearing schedule set by the Court.  To the extent Plaintiffs persist in the request for discovery, the request can be heard on June 15 (as currently calendared) along with Plaintiffs' motion for jurisdictional discovery and the Anti-SLAPP Motion.  Plaintiffs' second and belated attempt to alter the Court schedule on an ex parte basis is improper, and would prejudice Defendants' right to a prompt resolution of their Anti-SLAPP Motion.  If you proceed with the ex parte application, please include this email as noting Defendants' opposition.

Plaintiffs' *Ex Parte* Application Is Procedurally and Substantively Defective

Plaintiffs gave notice to Defendants' counsel on **Saturday, May 19, at 7:37 p.m.** that they intended to file an ex parte application on Monday, May 21, 2018.  Providing *zero* business days' notice of an ex parte application is improper and in and of itself is a basis to deny the request.  *See* Local Rules 7-3.  Moreover, since Plaintiffs seek to continue their time to file an opposition "within five (5) court days prior to the expiration of the scheduled date," Plaintiffs failed to comply with Judge Gee's Standing Order (*see* Standing Order at 11).

1

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 005

Nor is there any "emergency" which would justify ex parte relief.  Standing Order at 10.  As Plaintiffs stated in email correspondence, it was "obvious" to them that discovery would be needed on April 25, 2018 (when Defendants first informed Plaintiffs of the intent to file an Anti-SLAPP Motion).  Nevertheless, Plaintiffs waited more than three weeks to file a motion seeking such discovery, and now seek "extraordinary" relief to alter the schedule set by the Court in connection with Plaintiffs' *first* ex parte motion seeking jurisdictional discovery.  Indeed, in that first ex parte motion, Plaintiffs sought to indefinitely continue the hearing on Defendants' Anti-SLAPP Motion until the motion for jurisdictional discovery was heard or Plaintiffs' counsel was "available."  The Court denied that request, but granted Plaintiffs a two-week continuance to accommodate your firm's expressed scheduling conflicts.  There is no reason Plaintiffs could not have requested the additional discovery before filing the May 8 *ex parte* application.  Accordingly, it is apparent the Court considered Plaintiffs' request for discovery when it set the Anti-SLAPP briefing schedule in its prior *ex parte* order, balancing Plaintiffs' scheduling issues with Defendants' right to have its Anti-SLAPP Motion heard promptly.  *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1055–56 (2006) (discussing legislative policy relating to prompt resolution of Anti-SLAPP motions).  Plaintiffs' attempt to take a second bite at the apple through seriatim ex parte applications is untimely and improper, and a waste of the parties' and judicial resources.

<u>Plaintiffs Are Not Entitled to Anti-SLAPP Discovery</u>

In addition to the procedural defects of the ex parte application, Plaintiffs' request to take discovery is not warranted.  To begin, Plaintiffs should have performed diligence regarding the merit (or lack thereof) of their claims *before* filing the lawsuit.  It is wholly improper for Plaintiffs to fish for evidence to survive Defendants' Anti-SLAPP Motion after filing a lawsuit against public policy.

Moreover, Plaintiffs have not met their burden of showing a "good faith" basis to conduct any discovery.  As the Anti-SLAPP Motion makes clear, Plaintiffs fail to state a claim for relief *as a matter of law* and fail to set forth the most basic elements for their claims of defamation, defamation *per se*, trade libel, and/or intentional interference with contractual relations.  As to defamation specifically, Plaintiffs have not alleged any defamatory statements that (1) were published by the Defendants, (2) were made about each of the Plaintiffs asserting those claims, (3) are false statements of fact, and/or (4) were made with malice.  Plaintiffs' failure to demonstrate *any one* of these elements would provide a basis to grant the Anti-SLAPP Motion; Plaintiffs' allegations fail as to *all* of the elements.

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 006

Notably, the discovery Plaintiffs seek addresses only the issue of "malice," which is but one of the elements necessary to prove defamation (and which has no bearing on the remaining claims).  Because Plaintiffs cannot satisfy any of the elements, discovery as to malice alone would be insufficient to overcome the Anti-SLAPP Motion and does not provide a "good faith" basis for discovery.  *Garment Workers Ctr. v. Superior Court*, 117 Cal. App. 4th 1156, 1162 (2004) ("If … the defendant contends the plaintiff cannot establish a probability of success on the merits because its complaint is legally deficient, no amount of discovery will cure that defect.").

Further, the information Plaintiffs cite in support of their discovery motion misses the mark as to proving malice.  The "malice" element asks whether a defendant knew the statement was false or acted with reckless disregard as to falsity.  Plaintiffs' citations to press reports regarding purported meetings between Mr. Al-Rumaihi and Michael Cohen and/or Michael Flynn have no  bearing on whether Defendants knew the alleged defamatory statements were false, and thus no bearing on the issue of malice.

Finally, this ex parte application and Plaintiffs' motion for discovery could and should have been avoided had Plaintiffs simply accepted Defendants' reasonable proposal to respond to written interrogatories on an expedited basis.  That compromise would have permitted Plaintiffs to take targeted discovery (even though Defendants contend no discovery is warranted), would have allowed the current briefing schedule to move forward thus avoiding undue prejudice to Defendants, and would have avoided the need for Court intervention.  Having rejected Defendants' reasonable proposal, Plaintiffs are in no position to demand "extraordinary" relief.

Brian Hershman
Partner
**JONES DAY® - One Firm Worldwide℠**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Office +1.213.243.2445
bhershman@jonesday.com

3

**From:** David Erikson <erikson@geragos.com>
**Sent:** Saturday, May 19, 2018 7:37 PM
**To:** Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Ben Meiselas <meiselas@geragos.com>
**Subject:** Re: Meet and Confer re Big3 Anti-Slapp discovery

Brian –

Now that we've filed the motion to lift the discovery stay, we would like to work out a briefing and hearing schedule that will allow the motion to be heard and the deposition to proceed if granted, in advance of the anti-SLAPP motion. Given Judge Gee's calendar and with the upcoming Memorial Day holiday, the best way to address this issue will be to continue the anti-SLAPP motion hearing three to four weeks.

We thus propose the parties stipulate to continue the anti-SLAPP motion hearing to July 13, a date currently open on Judge Gee's calendar. This will allow the motion to lift the discovery stay to be heard on a regular briefing schedule and maintain the June 15 hearing date. If the requested deposition is ordered, it can be taken the following week, with Plaintiffs' opposition to the anti-SLAPP motion due on June 22.

If it would be more palatable for Defendants to have the motion to lift discovery stay heard on shortened notice with an abbreviated briefing schedule we are open to any proposals you may offer.

Please let us know if Defendants will stipulate to our proposal or of any alternate proposals. I'm available this afternoon if you want to have a phone call. I am traveling tomorrow but can try to arrange a call if you desire.

If we don't hear from you, we will proceed with an ex parte application on Monday seeking the hearing continuance.

4

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 008

Thanks.

David


On May 17, 2018, at 5:03 PM, Hershman, Brian D.
<bhershman@JonesDay.com> wrote:


David,


I have been in the Court of Appeal this afternoon and they take your
phone so I am just seeing this message.


Mr. Al-Rumaihi renews his offer to provide written interrogatory
responses, but is not willing to appear for deposition both because he is
unavailable (in Qatar) and more fundamentally because a deposition is
not warranted.  Moreover, contrary to your suggestion, defendants do
not concede that any discovery is warranted in connection to the Anti-
SLAPP motion.  To the contrary, Plaintiffs should have investigated the
merits of their claim *before* they filed a meritless lawsuit against Mr. Al-
Rumaihi and Mr. Sabi, among others.  The fact that you need discovery
to find "evidentiary support for your claim" highlights why the lawsuit
should never have been brought, and why it should now be
dismissed.  Notwithstanding the above, and in a good faith effort to
resolve the dispute without court intervention, we made a very
generous offer to have Mr. Al-Rumaihi respond to written
interrogatories.  You apparently are rejecting this offer.  But to be clear,
Plaintiffs have not established a good faith basis for *any* discovery.


With  respect to Mr. Al-Rumaihi's presence in Qatar, as we have
indicated repeatedly, Mr. Al-Rumaihi is a citizen of Qatar and resides in
Qatar.  Mr. Kwatinetz's speculation that such is not the case is as wrong
as it is inadmissible.  Further, there is nothing nefarious about his return
to the Country where he resides.  And your suggestion that Mr. Al-
Rumaihi somehow left the United States to avoid being deposed is both
mistaken and nonsensical.  Mr. Al-Rumaihi traveled to his residence in
Qatar *before* you requested to depose him.  The time-space continuum
belies your assertion.

5

Thank you.

---

**From:** David Erikson <erikson@geragos.com>
**Sent:** Thursday, May 17, 2018 1:30 PM
**To:** Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Ben Meiselas <meiselas@geragos.com>
**Subject:** Re: Meet and Confer re Big3 Anti-Slapp discovery

Hi Brian,

I don't mean to pester . . but I'm hoping you can get back to me soon. If we need to bring a motion and application, we want to do so as soon as possible. Thanks.

On May 17, 2018, at 10:47 AM, David Erikson <erikson@geragos.com> wrote:

Brian,

We don't believe that interrogatories would be sufficient. As you know, the information we could expect to elicit via interrogatories is far less comprehensive than what we could learn in even a short deposition—especially given that there would be no meaningful opportunity to challenge unsupportable objections or evasive responses. The shortcoming of written discovery are even greater in this instance, because the facts we seek to discover are complex (requiring probing questioning and follow-up).

By offering to respond to interrogatories propounded to Mr. Al-Rumaihi, you effectively concede that discovery propounded to Mr. Al-Rumaihi is required in aid of our opposition to the motion to strike. We are entitled to conduct that discovery in a meaningful way.

6

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 010

With regard your client's return to Qatar, I note that a deposition (and hearing on the motion) could certainly wait until his return. It's also possible that we could proceed in Qatar. But as a threshold matter, can you tell me when and why he left the U.S.? Certainly it is unfair for a party to create an leg up with respect to an Anti-Slapp motion by making himself unavailable for deposition. It was certainly foreseeable that in response to an anti-slapp motion, my clients would seek to discover admissible evidence to support its allegations. Because Mr. Al-Rumaihi is the best suited deponent, and given our belief was that he was in this country indefinitely, it could appear that he left the U.S. to avoid being deposed.

Under the circumstances, we ask again that you propose solutions that would allow us to conduct a short and targeted deposition of Mr. Al-Rumaih, prior to my clients being called upon to provide evidentiary support for their claims.

On May 16, 2018, at 8:20 PM, Hershman, Brian D. <bhershman@JonesDay.com> wrote:

David,

Mr. Al-Rumaihi is unavailable for deposition as he is in Qatar (where he resides).  Moreover, we do not believe a deposition is warranted.

However, in a good faith effort to resolve the dispute, Mr. Al-Rumaihi will respond to written interrogatories (no more than fifteen total; subparts and compound questions will count toward

7

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 011

the fifteen total pursuant to FRCP 33) limited to the issues raised in the Anti-SLAPP motion.  We do not believe that discovery is appropriate on the jurisdictional issues as diversity jurisdiction presents a legal question for the reasons stated in our opposition to the ex parte application.

We are not willing to continue the hearing on the Anti-SLAPP motion.  As we have consistently stated, prompt resolution of that motion is consistent with the legislative intent behind the Anti-SLAPP statute.  Accordingly, we propose the following schedule:

1.   Plaintiffs to serve written interrogatories to Mr. Al-Rumaihi via email to Jones Day by close of business on Friday, May 18, 2018.

2.   Mr. Al-Rumaihi to provide his responses and objections to the written interrogatories by email to Geragos & Geragos by close of business on Tuesday, May 22, 2018.

Please let us know the plaintiffs' position.  Thank you.

---

**From:** David Erikson <erikson@geragos.com>
**Sent:** Wednesday, May 16, 2018 4:13 PM
**To:** Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Ben Meiselas <meiselas@geragos.com>
**Subject:** Re: Meet and Confer re Big3 Anti-Slap discovery

8

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 012

Hi Brian,

Thanks for getting back to me. We seek a short and targeted deposition of Mr. al-Rumaihi. 2-3 hours would be sufficient. It could cover our requested jurisdiction discovery as well, if you were inclined to change your position on that issue. I'm hoping you will stipulate to such a deposition in advance of our opposing your client's motion to strike (which would probably require a further continuance of the hearing).

Unless you are willing to stipulate, I'm hoping we can talk today or tomorrow regarding our argument that good cause exists for such a depo pursuant to CCP 425.16(g).

Thanks.

On May 16, 2018, at 3:20 PM, Hershman, Brian D. <bhershman@JonesDay.com> wrote:

DAVID,

9

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 013

Can you send me the
discovery you
propose to take so we
can consider.

Sent with BlackBerry
Work
(www.blackberry.com
)

---

**From:** David Erikson
<erikson@geragos.com>

**Date:** Wednesday, May
16, 2018, 10:47 AM

**To:** Hershman, Brian D.
<bhershman@JonesDay.
com>

**Cc:** Ben Meiselas
<meiselas@geragos.com
>

**Subject:** Meet and
Confer re Big3 Anti-Slap
discovery

Hi Brian,

Hopefully you
received my phone
message. Are you
available today to
meet and confer
regarding our request
to be afforded an
opportunity to
conduct narrowly
targeted discovery in
support of our
opposition to your
client's motion to
strike.

10

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 014

David Erikson

<logo.jpg>

Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone (213) 625-3900
Facsimile (213) 232-3255
www.Geragos.Com

-----------------------------------------------

This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney/client and other privileges.  This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient, please delete this e-mail, including attachments and notify me by return mail or e-mail, or call me at (213) 625-3900.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

11

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 015

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

EXHIBIT A TO HERSHMAN DECLARATION
PAGE 016

# EXHIBIT B

**Collymore, Stephanie J.**

---

**Subject:**        FW: Big3 LLC et al. v. Ahmed Al-Rumaihi et al., 2:18-cv-03466: Meet and Confer on Motion to Dismiss and Motion to Strike

**From:** Ben Meiselas <meiselas@geragos.com>
**Sent:** Saturday, April 28, 2018 10:28 AM
**To:** Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Gaby Preciado <Gaby@geragos.com>; Lovrien, Christopher <cjlovrien@jonesday.com>; Mark Geragos <mark@geragos.com>
**Subject:** Re: Big3 LLC et al. v. Ahmed Al-Rumaihi et al., 2:18-cv-03466: Meet and Confer on Motion to Dismiss and Motion to Strike

Thanks Brian look forward to meeting and conferring on the date I suggested. Talk then. Have a great weekend.

On Sat, Apr 28, 2018 at 10:21 AM Hershman, Brian D. <bhershman@jonesday.com> wrote:

Ben,

Once again your recitation of the "facts" is objectively and verifiably inaccurate.

1.      The defendants removed the case to federal court on *Wednesday (April 25, 2018),* not Thursday as you assert.  *See* Dkt. Entry #1.  On that same day (April 25), I reached out by phone to meet and confer on our intended responsive pleadings, and, when I did not receive a response, sent a detailed email which satisfied our meet and confer obligations under Local Rule 7-3.  *See Masimo Corp. v. Mindray DS USA, Inc.*, No. SACV1202206CJCJPRX, 2013 WL 12131174, at *2 (C.D. Cal. Nov. 15, 2013) (concluding that anti-SLAPP motion was not procedurally barred for failure to meet and confer prior to filing of motion because an email exchange satisfied Local Rule 7-3's "meet and confer" requirement.).  Nevertheless, I offered to make myself available at your convenience to discuss our intended motions.

2.      I did not "demand" that you meet and confer with me on Friday night at 9 p.m.  I did "offer" to meet and confer with you at that time.  I *also* offered to meet and confer with you at your convenience on April 25, April 26, April 27, April 28, and April 30.  It is not acceptable, nor consistent with your good faith obligation, for plaintiffs' counsel to refuse to meet and confer at *any time* in a one week period, and thereby attempt to artificially delay defendants' ability to accomplish dismissal of a patently deficient pleading.  That is particularly true where, as here, the meritless lawsuit seeks to chill a defendant's constitutionally protected speech, and is subject to the Anti-SLAPP statute (California Code of Civil Procedure section 425.16, et seq.).

3.      You are uniquely positioned to resolve this dispute (and narrow the issues) by dismissing your clients' meritless lawsuit.  Your reference to the removal date is both inaccurate and a red herring.  The relevant dates are April 5 and 6, when plaintiffs filed their complaint and first amended complaint.  At that time, you should have known that the lawsuit was meritless and a publicity stunt to give cover to the defamatory statements about our clients.  You should

1

have done due diligence before filing the lawsuit. Nevertheless, in the meet and confer email we sent on April 25 we clarified for you the numerous deficiencies in your operative pleading. I have yet to hear *any* substantive response. If you do not voluntarily dismiss your lawsuit, we will move to have the Court dismiss it next week.

4.    With respect to plaintiffs' intended remand/discovery motion, I have explained why that motion is invalid in my April 27, 2018 email. Again, I have not heard any substantive response or explanation from plaintiffs as to why they have a good faith basis for such motion given the legal analysis I outlined. Nevertheless, you control when you choose to file such a motion, if that is the way you wish to proceed. I will make myself available on May 2 (as you request), or before or after if that is your preference.

Thank you.

**From:** Ben Meiselas <meiselas@geragos.com>
**Sent:** Friday, April 27, 2018 9:47 PM

**To:** Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Gaby Preciado <Gaby@geragos.com>; Lovrien, Christopher <cjlovrien@jonesday.com>; Mark Geragos <mark@geragos.com>
**Subject:** Re: Big3 LLC et al. v. Ahmed Al-Rumaihi et al., 2:18-cv-03466: Meet and Confer on Motion to Dismiss and Motion to Strike

Brian. Your clearly don't want to meaningfully meet and confer.

Here are the facts;

You removed the case YESTERDAY to federal court (4/26/18);

TODAY (4/27/18), 1 day after the case was removed to Federal Court, I have responded with my availability next week to meet in person or schedule a call, and requested we also meet and confer on our request for limited jurisdictional discovery and motion for remand.

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 019

You are demanding I meet and confer with you now on Friday night at 9:00 PM, instead which I am not going to do since I am with my family now for the first time in a few weeks. So I have reserved  next Wednesday (following my depositions on Monday / Tuesday) to devote appropriate and meaningful time to a meet and confer with you. If you have alternative time on Thursday I can meet and confer then although I will be in Texas. I will not be available next Friday since I am in a depositions.

My suggested meet and confer schedule would have us in compliance with the local rules within 7 days of your removal which is appropriate and exceedingly expeditious

I do not believe in a "check the box" meet and confer, nor do the rules countenance that approach. I take my meet and confer obligations seriously and have thus made this proposal in good faith. Hopefully we can narrow issues for the court. To the extent you want to operate outside the rules, we will respond accordingly.

Thank you.

On Fri, Apr 27, 2018 at 8:59 PM Hershman, Brian D. <bhershman@jonesday.com> wrote:

Ben – your characterization is highly inaccurate.  I called on Wednesday April 25, 2018 to meet and confer on our motions, but received no response.  I then sent an email later on April 25, 2018 detailing our position and offering to meet and confer at your convenience – again no response.  I received no response on Thursday, and so Friday reached out yet again.  I finally received an email on Friday afternoon, but you failed to address our intended motions (instead suggesting that we meet and confer on a motion that *plaintiffs* intended to bring).  The entire purpose behind California Code of Civil Procedure section 425.16, et seq. is to empower defendants to expeditiously dispose of meritless lawsuits based on constitutionally protected speech so as to avoid a chill on such speech.  Your continued refusal to engage on this issue and instead seek to delay resolution is not consistent with the Legislative purpose.  *See Masimo Corp. v. Mindray DS USA, Inc*., No. SACV1202206CJCJPRX, 2013 WL 12131174, at *2 (C.D. Cal. Nov. 15, 2013) (concluding that anti-SLAPP motion was not procedurally barred for failure to meet and confer prior to filing of motion because an email exchange satisfied Local Rule 7-3's "meet and confer" requirement.).  Instead of wasting time writing inaccurate emails, I would encourage you to pick up the phone and call me tonight, tomorrow or Monday.  I will provide a phone number for you to do so.  If you choose not to do so, we request that you include this correspondence in any frivolous motion to strike.

With respect to your intended motion, I have not declined to meet and confer.  Rather, I have explained our position (something the plaintiffs have never done), expressed a willingness to meet and confer further to the extent you believe it is necessary, but expressed the defendants' view that further discussion was not necessary given plaintiffs' inability to address threshold issues.  I encourage you to re-read my email as our position was  clear (and so you don't misstate it again).  As I indicated feel free to call me at your convenience.

3

**From:** Ben Meiselas <meiselas@geragos.com>
**Sent:** Friday, April 27, 2018 8:35 PM

**To:** Hershman, Brian D. <bhershman@JonesDay.com>

**Cc:** Gaby Preciado <Gaby@geragos.com>; Lovrien, Christopher <cjlovrien@jonesday.com>; Mark Geragos <mark@geragos.com>

**Subject:** Re: Big3 LLC et al. v. Ahmed Al-Rumaihi et al., 2:18-cv-03466: Meet and Confer on Motion to Dismiss and Motion to Strike

Thanks Brian we will take this as you have rejected our request to meet and confer pursuant to the rules.

Once again, we reiterate that we are available for a call or in person Wednesday to meet and confer. We think it is prudent that the parties engage meaningfully by phone or in person as the rules require.

Howver, to the extent you file before then, please note we will seek to strike the pleading you file for failing to meet and confer.

I have never dealt with an opposing counsel who refuses to meet and confer and accommodate an opposing connsels schedule for a few days.

But if you are refusing to meaningfully meet and confer and reject the local rules, so noted and we will notify the Court of your approach.

Thank you sir.

On Fri, Apr 27, 2018 at 8:23 PM Hershman, Brian D. <bhershman@jonesday.com> wrote:

> Ben,
>
> For the reasons identified in our removal petition including (1) BIG3 itself identified Mr. Al-Rumaihi as domiciled in Qatar in its pleading in the *Champions* action; (2) Mr. Al-Rumaihi's B-1 Visa status means that his residence in the US

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 021

does not affect diversity, even if Mr. Al-Rumaihi did reside in California; and (3) Mr. Al-Rumaihi does not, in any event, reside in California, the defendants do not believe any jurisdictional challenge by plaintiffs gets off the ground, nor do we believe jurisdictional discovery is warranted.  To the extent plaintiffs seek to challenge removal (or seek discovery), you can consider this our meet and confer on the issue and move forward with any pleadings you believe are warranted.   To the extent you would like to discuss this further, I am available tomorrow or all day Monday; however I do not believe further discussions are necessary or would be fruitful.


With respect to defendants' motion to strike under California Code of Civil Procedure section 425.16, et seq., and motion to dismiss under Rule 12(b)(6) for failure to state a claim, my email of Wednesday set forth in detail the basis of our motions.  Plaintiffs have not engaged on the issue, nor have they identified any issue that they wish to discuss further.  Therefore, we intend to move forward with both motions next week.  To the extent you would like to discuss the plaintiffs' position, I am available tomorrow or all day Monday.


Thank you.


**From:** Ben Meiselas <meiselas@geragos.com>
**Sent:** Friday, April 27, 2018 2:00 PM


**To:** Hershman, Brian D. <bhershman@JonesDay.com>

**Cc:** Lovrien, Christopher <cjlovrien@jonesday.com>; Mark Geragos <mark@geragos.com>; Gaby Preciado <Gaby@geragos.com>


**Subject:** Re: Big3 LLC et al. v. Ahmed Al-Rumaihi et al., 2:18-cv-03466: Meet and Confer on Motion to Dismiss and Motion to Strike


Why don't we schedule a call early next week where we can meet and confer regarding our jurisdictional challenge, as well as what is you want to file.   We believe the case has not been properly removed with respect to Mr. Al-Rumaihi.  We can set out those issues on our call. Obviously, jurisdiction needs to be addressed first.


Since the Complaint, and First Amended Complaint were just filed, it is still out for service with respect to the other Defendants, which we hope to have next week.  We could aim to streamlining the responsive pleadings for the Court to ensure judicial efficiency.


I've copied Gaby to arrange the call.  The best day for me is probably Wednesday in the AM given the other depositions I have that week.  '

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 022

Let's coordinate the best time we can all get on a call to ensure an efficient and comprehensive meet and confer.

Thank you Brian.

On Fri, Apr 27, 2018 at 1:46 PM, Ben Meiselas <meiselas@geragos.com> wrote:

Thanks Brian. We think the case is improperly removed so we intend to challenge the removal and will file a request for jurisdictional discovery. Would you be agreeable to limited jurisdictional discovery? Thank you.

On Fri, Apr 27, 2018 at 1:42 PM Hershman, Brian D. <bhershman@jonesday.com> wrote:

We did.  And now we are planning to file our responsive pleading.  And are attempting to meet and confer in accordance with the local rules before we do so.  Please let us know your availability. Thank you.

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Ben Meiselas <meiselas@geragos.com>

**Date:** Friday, Apr 27, 2018, 1:38 PM

**To:** Hershman, Brian D. <bhershman@JonesDay.com>

**Cc:** Lovrien, Christopher <cjlovrien@jonesday.com>, Mark Geragos <mark@geragos.com>

**Subject:** Re: Big3 LLC et al. v. Ahmed Al-Rumaihi et al., 2:18-cv-03466: Meet and Confer on Motion to Dismiss and Motion to Strike

Thanks Brian. Brian didn't you just remove to federal court?

On Fri, Apr 27, 2018 at 1:16 PM Hershman, Brian D. <bhershman@jonesday.com> wrote:

Counsel,

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 023

I am once again inquiring about your availability to meet and confer per local rule 7-3. Please provide your availability. Thank you.

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Hershman, Brian D. <bhershman@JonesDay.com>

**Date:** Wednesday, Apr 25, 2018, 5:48 PM

**To:** Mark Geragos <mark@geragos.com>, Ben Meiselas (meiselas@geragos.com) <meiselas@geragos.com>

**Cc:** Lovrien, Christopher <cjlovrien@jonesday.com>

**Subject:** RE: Big3 LLC et al. v. Ahmed Al-Rumaihi et al., 2:18-cv-03466: Meet and Confer on Motion to Dismiss and Motion to Strike

Mark,

In accordance with Local Rule 7-3, I first attempted to reach your firm by telephone to conduct the required meet and confer, and followed up with the below email. While you appear to take offense at the "missive," the email: (1) complies with Local Rule 7-3; and (2) explains in greater detail the deficiencies in the FAC to facilitate a more productive meet and confer exchange. As indicated in the email, I am available to discuss the defendants' position so please let me know when you are available. Thank you.

**From:** Mark Geragos <mark@geragos.com>
**Sent:** Wednesday, April 25, 2018 4:43 PM
**To:** Ben Meiselas (meiselas@geragos.com) <meiselas@geragos.com>; Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Lovrien, Christopher <cjlovrien@jonesday.com>
**Subject:** Re: Big3 LLC et al. v. Ahmed Al-Rumaihi et al., 2:18-cv-03466: Meet and Confer on Motion to Dismiss and Motion to Strike

You called 90 minutes ago and haven't received a call back so you send this missive?

On Wed, Apr 25, 2018 at 7:33 PM Hershman, Brian D. <bhershman@jonesday.com> wrote:

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 024

Counsel:

I write on behalf of defendants Ahmed Al-Rumaihi and Ayman Sabi ("Defendants") to meet and confer regarding Defendants anticipated responsive pleadings to Plaintiffs' First Amended Complaint ("FAC"). The FAC alleges causes of action for defamation, defamation per se, trade libel and intentional interference with prospective economic relations. These causes of action purport to arise from allegations that a non-party-defendant (Roger Mason) attributed racially inflammatory statements to plaintiff Jeff Kwatinetz based on information purportedly received from another non-party-defendant (Kai Henry) and conveyed to yet another non-party-defendant (Jerome Williams). Defendants do not believe these allegations state any actionable claim against them for multiple reasons.

Absent a resolution through our meet and confer process, therefore, Defendants intend to file two motions attacking the allegations of the FAC: (1) a motion to strike under California Code of Civil Procedure section 425.16, et seq., and (2) a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Defendants' motion to strike (or "anti-SLAPP") motion will assert that the allegations constitute protected activity under the anti-SLAPP statute as they were statements made in a public forum and concerning a matter of public interest. Moreover, Defendants will assert that there is no probability that Plaintiffs will prevail on their four causes of action because they cannot demonstrate that the alleged statements (a) were even made by Defendants (or about each of the purported plaintiffs), much less actionably false or made with actual malice, as necessary for defamation or defamation per se, (b) were disparaging to the league's quality of goods or services, as necessary for trade libel, or (c) satisfy any of the elements of an intentional interference claim. Defendants motion to dismiss under Rule 12(b)(6) will independently allege that Plaintiffs' allegations fail to state a claim under any of the asserted causes of action for all the same reasons detailed in connection with the anti-SLAPP motion. Note that, as provided for under the anti-SLAPP statute, Defendants will seek recovery of their fees and costs as the prevailing party.

I attempted to reach you at 3:14 p.m. today by telephone in order to meet and confer, but was informed that you were not available. I provided my name, contact information, and the nature of the issue to the receptionist and requested that I receive a call back to discuss. As of the time of this email, I have not heard from either of you and therefore am following up with this email. I am available to discuss in detail at your convenience. Thank you.

Brian Hershman
Partner
**JONES DAY® - One Firm Worldwide[SM]**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Office +1.213.243.2445
bhershman@jonesday.com

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 025

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

--

Geragos & Geragos

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

--

Sincerely--

BEN MEISELAS, ESQ.



GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION

HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
WWW.GERAGOS.COM

-------------------------------------------------

This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney/client and other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments and notify me by return mail or e-mail, or call me at (213) 625-3900.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

--

Sincerely--

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 026

BEN MEISELAS, ESQ.



HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
WWW.GERAGOS.COM

----------------------------------------------

This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney/client and other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments and notify me by return mail or e-mail, or call me at (213) 625-3900.

--

Sincerely--

BEN MEISELAS, ESQ.



HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
WWW.GERAGOS.COM

----------------------------------------------

This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney/client and other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments and notify me by return mail or e-mail, or call me at (213) 625-3900.

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 027

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

--

Sincerely--

BEN MEISELAS, ESQ.



HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
WWW.GERAGOS.COM

------------------------------------------------

This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney/client and other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments and notify me by return mail or e-mail, or call me at (213) 625-3900.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

--

Sincerely--

BEN MEISELAS, ESQ.



HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
WWW.GERAGOS.COM

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 028

-------------------------------------------------

This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney/client and other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments and notify me by return mail or e-mail, or call me at (213) 625-3900.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

--

Sincerely--
BEN MEISELAS, ESQ.



GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
WWW.GERAGOS.COM

-------------------------------------------------

This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney/client and other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments and notify me by return mail or e-mail, or call me at (213) 625-3900.

EXHIBIT B TO HERSHMAN DECLARATION
PAGE 029

# EXHIBIT C

EXHIBIT C TO HERSHMAN DECLARATION
PAGE 030

**Collymore, Stephanie J.**

| | |
|---|---|
| **From:** | Ciarlo, David A. |
| **Sent:** | Thursday, May 17, 2018 9:52 PM |
| **To:** | Collymore, Stephanie J. |
| **Subject:** | FW: Meet and Confer re Big3 Anti-Slapp discovery |

**From:** David Erikson <erikson@geragos.com>
**Sent:** Thursday, May 17, 2018 9:15 PM
**To:** Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Ben Meiselas <meiselas@geragos.com>
**Subject:** Re: Meet and Confer re Big3 Anti-Slapp discovery

Hi Brian,

As I mention below, it was more or less obvious that we would need discovery from Mr. Al-Rumaihi in order to oppose a motion to strike. The relevant date, then, was when the anti-Slapp motion was being considered and planned. If your client left after that date, as appears likely, its certainly unfair to now claim he is too far away to be deposed. I take it that you are not willing to tell me the date Mr. Al-Rumaihi left the country?

It appears we have reached an impasse on this issue. Accordingly, we will bring a motion, and an ex parte application regarding timing.

If you have any further thoughts on a reasonable compromise, please call or email me. Thanks.

On May 17, 2018, at 5:03 PM, Hershman, Brian D. <bhershman@JonesDay.com> wrote:

David,

I have been in the Court of Appeal this afternoon and they take your phone so I am just seeing this message.

Mr. Al-Rumaihi renews his offer to provide written interrogatory responses, but is not willing to appear for deposition both because he is unavailable (in Qatar) and more fundamentally because a deposition is not warranted. Moreover, contrary to your suggestion, defendants do not concede that any discovery is warranted in connection to the Anti-SLAPP motion. To the contrary, Plaintiffs should have investigated the merits of their claim *before* they filed a meritless lawsuit against Mr. Al-Rumaihi and Mr. Sabi, among others. The fact that you need discovery to find "evidentiary support for your claim" highlights why the lawsuit should never have been brought, and why it should now be dismissed. Notwithstanding the above, and in a good faith effort to resolve the dispute without court intervention, we made a very generous offer to have Mr. Al-Rumaihi respond to written interrogatories. You apparently are rejecting this offer. But to be clear, Plaintiffs have not established a good faith basis for *any* discovery.

With respect to Mr. Al-Rumaihi's presence in Qatar, as we have indicated repeatedly, Mr. Al-Rumaihi is a citizen of Qatar and resides in Qatar. Mr. Kwatinetz's speculation that such is not the case is as wrong as it is inadmissible. Further, there is nothing nefarious about his return to the Country where he resides. And your suggestion that Mr. Al-Rumaihi somehow left the United States to avoid being

1

EXHIBIT C TO HERSHMAN DECLARATION
PAGE 031

deposed is both mistaken and nonsensical. Mr. Al-Rumaihi traveled to his residence in Qatar *before* you requested to depose him. The time-space continuum belies your assertion.

Thank you.

---

**From:** David Erikson <erikson@geragos.com>
**Sent:** Thursday, May 17, 2018 1:30 PM
**To:** Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Ben Meiselas <meiselas@geragos.com>
**Subject:** Re: Meet and Confer re Big3 Anti-Slapp discovery

Hi Brian,

I don't mean to pester . . but I'm hoping you can get back to me soon. If we need to bring a motion and application, we want to do so as soon as possible. Thanks.

On May 17, 2018, at 10:47 AM, David Erikson <erikson@geragos.com> wrote:

Brian,

We don't believe that interrogatories would be sufficient. As you know, the information we could expect to elicit via interrogatories is far less comprehensive than what we could learn in even a short deposition—especially given that there would be no meaningful opportunity to challenge unsupportable objections or evasive responses. The shortcoming of written discovery are even greater in this instance, because the facts we seek to discover are complex (requiring probing questioning and follow-up).

By offering to respond to interrogatories propounded to Mr. Al-Rumaihi, you effectively concede that discovery propounded to Mr. Al-Rumaihi is required in aid of our opposition to the motion to strike. We are entitled to conduct that discovery in a meaningful way.

With regard your client's return to Qatar, I note that a deposition (and hearing on the motion) could certainly wait until his return. It's also possible that we could proceed in Qatar. But as a threshold matter, can you tell me when and why he left the U.S.? Certainly it is unfair for a party to create an leg up with respect to an Anti-Slapp motion by making himself unavailable for deposition. It was certainly foreseeable that in response to an anti-slapp motion, my clients would seek to discover admissible evidence to support its allegations. Because Mr. Al-Rumaihi is the best suited deponent, and given our belief was that he was in this country indefinitely, it could appear that he left the U.S. to avoid being deposed.

Under the circumstances, we ask again that you propose solutions that would allow us to conduct a short and targeted deposition of Mr. Al-Rumaih, prior to my clients being called upon to provide evidentiary support for their claims.

On May 16, 2018, at 8:20 PM, Hershman, Brian D. <bhershman@JonesDay.com> wrote:

David,

2

EXHIBIT C TO HERSHMAN DECLARATION
PAGE 032

Mr. Al-Rumaihi is unavailable for deposition as he is in Qatar (where he resides).  Moreover, we do not believe a deposition is warranted.

However, in a good faith effort to resolve the dispute, Mr. Al-Rumaihi will respond to written interrogatories (no more than fifteen total; subparts and compound questions will count toward the fifteen total pursuant to FRCP 33) limited to the issues raised in the Anti-SLAPP motion.  We do not believe that discovery is appropriate on the jurisdictional issues as diversity jurisdiction presents a legal question for the reasons stated in our opposition to the ex parte application.

We are not willing to continue the hearing on the Anti-SLAPP motion.  As we have consistently stated, prompt resolution of that motion is consistent with the legislative intent behind the Anti-SLAPP statute.  Accordingly, we propose the following schedule:

1.  Plaintiffs to serve written interrogatories to Mr. Al-Rumaihi via email to Jones Day by close of business on Friday, May 18, 2018.
2.  Mr. Al-Rumaihi to provide his responses and objections to the written interrogatories by email to Geragos & Geragos by close of business on Tuesday, May 22, 2018.

Please let us know the plaintiffs' position.  Thank you.

---

**From:** David Erikson <erikson@geragos.com>
**Sent:** Wednesday, May 16, 2018 4:13 PM
**To:** Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Ben Meiselas <meiselas@geragos.com>
**Subject:** Re: Meet and Confer re Big3 Anti-Slap discovery

Hi Brian,

Thanks for getting back to me. We seek a short and targeted deposition of Mr. al-Rumaihi. 2-3 hours would be sufficient. It could cover our requested jurisdiction discovery as well, if you were inclined to change your position on that issue. I'm hoping you will stipulate to such a deposition in advance of our opposing your client's motion to strike (which would probably require a further continuance of the hearing).

Unless you are willing to stipulate, I'm hoping we can talk today or tomorrow regarding our argument that good cause exists for such a depo pursuant to CCP 425.16(g).

Thanks.

EXHIBIT C TO HERSHMAN DECLARATION

On May 16, 2018, at 3:20 PM, Hershman, Brian D. <bhershman@JonesDay.com> wrote:

DAVID,

Can you send me the discovery you propose to take so we can consider.


Sent with BlackBerry Work (www.blackberry.com)

---

**From:** David Erikson <erikson@geragos.com>
**Date:** Wednesday, May 16, 2018, 10:47 AM
**To:** Hershman, Brian D. <bhershman@JonesDay.com>
**Cc:** Ben Meiselas <meiselas@geragos.com>
**Subject:** Meet and Confer re Big3 Anti-Slap discovery

Hi Brian,

Hopefully you received my phone message. Are you available today to meet and confer regarding our request to be afforded an opportunity to conduct narrowly targeted discovery in support of our opposition to your client's motion to strike.

DAVID ERIKSON

<logo.jpg>
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE  (213) 625-3900
FACSIMILE  (213) 232-3255
WWW.GERAGOS.COM
-------------------------------------------------
This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney/client and other privileges.  This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient, please delete this e-mail, including attachments and notify me by return mail or e-mail, or call me at (213) 625-3900.
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

4

EXHIBIT C TO HERSHMAN DECLARATION

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

5

EXHIBIT C TO HERSHMAN DECLARATION
PAGE 035