GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS     SBN 108325
BEN J. MEISELAS     SBN 277412
DAVID A. ERIKSON    SBN 189838

Attorneys for Plaintiffs BIG3 BASKETBALL, LLC, O'SHEA JACKSON AKA ICE CUBE, AND JEFF KWATINETZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG3 LLC, a limited liability company; O'SHEA JACKSON a/k/a ICE CUBE, an individual; and JEFF KWATINETZ, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>Ahmed Al-Rumaihi, an individual; Faisal Al-Hamadi, an individual; Ayman Sabi, an individual; Sheikh Abdullah bin Mohammed bin Sau Al Thani, an individual and as CEO of Qatar Investment Authority; DOES 1-100,<br><br>Defendants. | **CASE NO.: 2:18-cv-03466-DMG-SK**<br><br>Assigned for all purposes to Hon. Dolly M. Gee<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO CONCEAL IDENTITY OF AHMED AL-RUMAIHI AFTER MISLEADING THE COURT AND PUBLIC HE WAS A PRIVATE CITIZEN** |

- 1 -
**PLAINTIFFS' *EX PARTE* APPLICATION TO SEAL THE IDENTITY OF AHMED AL-RUMAIHI AFTER MISLEADING THE COURT AND PUBLIC HE WAS A PRIVATE CITIZEN**

## I. INTRODUCTION

Yesterday evening we received an email from David Ciarlo, counsel to Defendant Ahmed Al-Rumaihi which stated he had "contacted the Court, and the Court has agreed to remove the offending materials from the public . . ." referring apparently to a July 31, 2018 letter from DLA Piper. We asked Mr. Ciarlo to explain the nature of these purported *ex parte* communications with the Court, without our knowledge, and to explain what he was referring to by "offending material." (Exhibit A). Mr. Ciarlo refused to discuss the communications with the Court and claimed that apparently Mr. Rumaihi's existence and his identity is private. Somehow, and without briefing on the issue and the opportunity to be heard, Plaintiffs' filing was sealed at the request of Mr. Rumaihi.

The information that Mr. Rumaihi was a diplomat and engaged in an influence operation targeting and harming United States citizens, including Plaintiffs, was contained in the operative First Amended Complaint (FAC, ¶¶22,23) The subject of Mr. Rumaihi's identity was also the focus of a separate Federal Action in the Southern District of New York where Mr. Rumaihi defrauded a condominium seller for over $100 million. (*Id., see 1964 Realty LLC v. Consulate of Qatar* (1:14-cv-06429-ER)).

Here, Defendants argue that because they misled this Court and the public and stated he was a private citizen and businessman and not connected with the government, and then was caught lying, that the true information about Mr. Rumaihi's purported real identity should now be secret.

If Mr. Rumaihi's existence and identity was a secret, Defendants could have moved to seal the complaint, they could have asserted diplomatic status or immunity, and, at the very least, they did not have to deceive Plaintiffs, multiple courts, and the public that he was a private businessman.

Instead, and ironically, Defendants' filed an Anti-SLAPP Motion before this Court invoking California free speech law, while now seeking to keep Mr. Rumaihi's identity a secret.

In essence, Defendants are attempting to make Mr. Rumaihi the ultimate "chameleon litigant" changing and contradicting his identity and status, in different forums, as it suits their interest, to exploit American citizens and businesses.

Further, Defendants' *Ex Parte* Application filed today must be denied as there is no "offending material."

First, Mr. Rumaihi does not have a privacy interest in his identity.

As the Sixth Circuit has explained, "Common sense tells us that the greater motivation a [litigant] has to shield its operations, the greater the public's need to know." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983). Here, there would be no credible basis for Plaintiffs (or any litigant), as United States citizens, to seal their identities and professional background, yet this is precisely what Mr. Rumaihi asks the Court to do here. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003)([t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."

Second, the purported protective order referenced by Mr. Rumaihi in the parallel Arbitration was submitted but has not been entered by the Arbitrator in that action and is therefore not effective and operative. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003)  The proposed protective order has no affect at that this time. Moreover, the protective order was submitted to the Arbitrator before the letter revealing Mr. Rumaihi's true-identity. As Mr. Rumaihi did with multiple courts and the Arbitrator, he defrauded the claimant in that action into

-2-

**PLAINTIFFS'** *EX PARTE* **APPLICATION TO SEAL THE IDENTITY OF AHMED AL-RUMAIHI AFTER MISLEADING THE COURT AND PUBLIC HE WAS A PRIVATE CITIZEN**

believing he was a private citizen and on that basis the parties could enter a normal protective order. The claimant in that action will be withdrawing any consent to the proposed inoperative protective order now that Mr. Rumaihi's true identity is known.

Further, the claimant in that action requested an emergency hearing to address Mr. Rumaihi's fraud on the Arbitrator regarding his identity. The hearing in that action was set by the Arbitrator for August 14, 2018. *See, Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994) ("Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order.")

Third, the inoperative protective order is also not applicable to the July 31, 2018 DLA Piper Letter. Specifically:

- Paragraph 2 of the inoperative protective order provides that Confidential Material does not include public information or information that is available to the public.
- Paragraph 13 of the inoperative protective order states that information that a litigant has access to before the Arbitration is not subject to the protective order.
- Paragraph 8 of the inoperative protective order provides that a party is obligated to designate a document as confidential or highly confidential.

The July 31, 2018 letter was not designated as confidential or highly confidential. Further, in addition to not being designated confidential, Plaintiff had no reason to believe the subject matter was confidential because the information was discussed in the First Amended Complaint and was the subject of the SDNY Federal Action against Mr. Rumaihi. The FAC addresses these topics here as well:

-3-
**PLAINTIFFS' *EX PARTE* APPLICATION TO SEAL THE IDENTITY OF AHMED AL-RUMAIHI AFTER MISLEADING THE COURT AND PUBLIC HE WAS A PRIVATE CITIZEN**

Case 2:18-cv-03466-DMG-SK Document 46 Filed 08/10/18 Page 5 of 6 Page ID #:1642



Further, a litigant's identity is not confidential. Defendant should not be rewarded for misleading courts and the public that he was a private citizen when he is apparently not. If Defendants' wanted special diplomatic treatment for Mr. Rumaihi they could have requested it when the case was filed. Mr. Rumaihi claimed to be a private citizen and businessman and should now be treated like every other normal litigant before this Court.

-4-
PLAINTIFFS' *EX PARTE* APPLICATION TO SEAL THE IDENTITY OF AHMED AL-RUMAIHI AFTER MISLEADING THE COURT AND PUBLIC HE WAS A PRIVATE CITIZEN

1  For these reasons, Defendants' request to seal Mr. Rumaihi's identity should be
2  denied and Mr. Rumaihi should be deposed so that we can determine who he really is
3  to avoid further doubt, confusion, and fraud.

7  DATED: August 10, 2018            GERAGOS & GERAGOS, APC

8  By: /s/ MARK GERAGOS

10  MARK J. GERAGOS
    BEN J. MEISELAS
11  DAVID A. ERIKSON
    Attorney for Plaintiffs

-5-
**PLAINTIFFS' *EX PARTE* APPLICATION TO SEAL THE IDENTITY OF AHMED AL-RUMAIHI AFTER MISLEADING THE COURT AND PUBLIC HE WAS A PRIVATE CITIZEN**