Christopher Lovrien (State Bar No. 230546)
Email: cjlovrien@jonesday.com
Brian D. Hershman (State Bar No. 168175)
Email: bhershman@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Attorneys for Defendants
AHMED AL-RUMAIHI and AYMAN SABI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG3 LLC, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>AHMED AL-RUMAIHI, *et al.*,<br><br>        Defendants. | No. 2:18-CV-3466 DMG (SKX)<br><br>Assigned for all purposes to Hon. Dolly M. Gee<br><br>**DECLARATION OF BRIAN D. HERSHMAN IN SUPPORT JOINT STIPULATION RE: TEMPORARY SEALING OF DOCUMENTS AND PROPOSED BRIEFING SCHEDULE FOR DEFENDANTS' APPLICATION TO PERMANENTLY SEAL DOCUMENTS**<br><br>Hearing Date:<br>Hearing Time:<br>Courtroom:     8C |

**DECLARATION OF BRIAN D. HERSHMAN**

I, Brian D. Hershman, declare as follows:

1. I am a partner at the law firm of Jones Day, counsel of record for Defendants Ahmed Al-Rumaihi and Ayman Sabi ("Defendants"). I make this declaration in support of the *Joint Stipulation re: Temporary Sealing of Documents and Proposed Briefing Schedule for Defendants' Application to Permanently Seal Documents* ("Stipulation"). I would competently testify to the facts herein if called as a witness in this matter.

2. This declaration is submitted pursuant to paragraphs 9 and 10 of the Initial Standing Order (Dkt. No. 7), which requires parties to file a declaration in support of requests for continuances or extensions of time. I believe good cause exists for the following reasons.

3. On July 25, 2018, the Court entered an Order to Show Cause re: Dismissal for Lack of Prosecution ("OSC") (Dkt. No. 42), ordering Plaintiffs to show cause in writing by August 8, 2018 why the action should not be dismissed as to Defendants Faisal Al-Hamadi, Sheikh Abdullah bin Mohammed bin Sau Al Thani, and Akbar Al Baker for failure to effect service.

4. On August 8, 2018, Plaintiffs filed a Response to Order to Show Cause re: Dismissal for Lack of Prosecution ("OSC Response") (Dkt. No. 43), and a supporting Declaration of Mark Geragos ("Geragos Declaration") (Dkt. Nos. 43-1, 43-2, 43-3). Based on the content of the OSC which Defendants found objectionable and which Defendants believe violated a protective order in connection with a separate arbitration (which Plaintiffs dispute), Defendants sought to quickly file an *ex parte* application to remove these documents from the public docket.

5. Defendants' counsel notified Plaintiffs of their intent to file an *ex parte* application, and advised Plaintiffs' counsel of their objections. The parties met and conferred but could not reach an agreement.

1        6.       On August 10, 2018, Defendants filed an application for leave to file the following under seal:  (1) Defendants' *Ex Parte* Application to Strike Plaintiffs' OSC Response, and (2) the Protective Order ("Sealing Application") (Dkt. No. 44).

         7.       On August 14, 2018, the Court entered an order indicating as follows: Defendants' underlying proposed *Ex Parte* Application seeks an Order (1) striking Plaintiffs' Response to the Order to Show Cause, (2) sealing alleged confidential information in Plaintiffs' Response, and (3) awarding sanctions against Plaintiffs [Doc. # 45-1 at 3.]  Whereas item (2) may warrant relief on an *ex parte* basis, items (1) and (3) do not. [Citations omitted.]  The Court permits Defendants to file an application to seal Plaintiffs' Response to the Order to Show Cause **within three (3) days** of the date of this Order.

         8.       The Court also ordered that Docket Entry Nos. 43, 43-1, 43-2, 43-3, 43-4, 43-5, 43-6, 43-7, 43-8, 43-9, 43-10, 43-11, 43-12, 43-13, and 43-14 remain temporarily under seal.

         9.       Consistent with the Court's August 14 order, Defendants are prepared to file an *ex parte* application to seal the OSC Response and Geragos Declaration. However, although the parties continue to dispute whether and to what extent the OSC Response and Geragos Declaration should be permanently sealed, the parties reached an agreement on August 16, 2018 that contemplates temporarily sealing the alleged confidential information and/or documents used in the OSC Response and Geragos Declaration to permit the parties to fully brief the issue on a regularly noticed motion schedule so the Court can reach a determination if any or all information requested by Defendants to be sealed should be permanently sealed.

         10.      Under the Court's Initial Standing Order, *ex parte* applications should be used for emergencies.  (Dkt. No. 7 ¶ 9).  If the OSC Response and Geragos Declaration remain temporarily under seal until the disputes are resolved, as contemplated by the stipulation, the exigency is dispelled, which affords the Parties

1  and the Court the opportunity to address these issues on a regularly noticed motion
2  schedule.
3       11.   For these reasons, good cause exists to extend the existing schedule and
4  for the Court to decide the issues as a regularly noticed motion.
5       Executed this 17th day of August, 2018, at Los Angeles, California.

_____
Brian D. Hershman