Miles M. Cooley, (SBN 206783)
miles.cooley@us.dlapiper.com
Andrew L. Deutsch (SBN 319286)
andrew.deutsch@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
Tel:   310.595.3000
Fax:   310.595.3300

Attorneys for Non-Party
H.E. AHMED AL-RUMAIHI (by special appearance)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| BIG3 LLC, et al.,<br><br>　　　　　Plaintiffs,<br>v.<br>AHMED AL-RUMAIHI, et al.,<br><br>　　　　　Defendants. | Case No.  2:18-cv-3466-DMG<br><br>*[Assigned to Hon. Dolly M. Gee]*<br><br>**NON-PARTY H.E. AHMED AL-RUMAIHI'S OBJECTIONS TO REQUEST FOR ENTRY OF DEFAULT** |

Specially-appearing Non-Party H.E. Ahmed Al-Rumaihi ("H.E. Al-Rumaihi") respectfully submits the following Objections to the "Request for Entry of Default" (the "Request") filed by Plaintiffs Kwatinetz and O'Shea Jackson, Sr. (collectively, "Plaintiffs") (ECF No. 74).

## I. INTRODUCTION

Plaintiffs' Request seeks an entry of default against H.E. Al-Rumaihi, because he did not answer or otherwise respond to Plaintiffs' Second Amended Complaint ("SAC"). *See* Motion at 6 (ECF No. 74); Declaration of Ben Meiselas (ECF No. 74-1) ¶ 10 ("Meiselas Decl."). This Request is filed in evident bad faith.

First, *Plaintiffs do not contest* that H.E. Al-Rumaihi is a sitting, accredited diplomat of the government of Qatar performing his diplomatic functions in Washington, D.C. Indeed, they *admit* that before the SAC was served, H.E. Al-Rumaihi filed documents with the Court showing that the U.S. State Department recognized his diplomatic status and that under the Vienna Convention on Diplomatic Relations ("Vienna Convention"), H.E. Al-Rumaihi has full immunity from the civil, criminal, and administrative jurisdiction of the "receiving state." Vienna Convention, Art. 31.1 & 31.2. Motion at 4, Meiselas Decl. ¶ 6. *See* ECF No. 58.

As a matter of law, this means that the Court may not exercise any jurisdiction over him in this case. He cannot be made a defendant in this action, and is not required to answer or otherwise respond to the SAC. As Plaintiffs well know, he also cannot be held in default because he did not answer or respond. Plaintiffs' Request is therefore a bad faith abuse of the procedures of this Court and the Clerk's Office.

Even were H.E. Al-Rumaihi not diplomatically immune from suit, Plaintiffs were not authorized to name him as a defendant in the SAC, and he was therefore not required to answer or otherwise respond with respect to the SAC. The Court's November 30, 2018 Order (ECF No. 57) granted Defendants' Anti-SLAPP Motion, except for one claim of defamation asserted against Defendant Ayman Sabi ("Mr. Sabi"). *All claims against H.E. Al-Rumaihi, including for defamation, trade libel, and*

*intentional interference with contractual relations, were stricken by the Court.* The Court gave Plaintiffs leave to amend their complaint "*solely* for purposes of remedying the deficiencies identified in this order, and not for the purposes of introducing entirely new claims." *Id.* at 13 (emphasis in original).

The Plaintiffs have knowingly disobeyed this Order. Their SAC does not merely remedy the deficiencies in their claim against Mr. Sabi. Instead, they have asserted entirely new claims of defamation against H.E. Al-Rumaihi arising from statements not alleged in the FAC, and have reasserted, with no material change, the trade libel and interference claims stricken in the Court's Order. The claims on which Plaintiffs now seek a default against H.E. Al-Rumaihi are claims they were not authorized to raise in the SAC. H.E. Al-Rumaihi cannot be in default with regard to such unauthorized claims.

Third and finally, Plaintiffs' application for default was made after Defendant Sabi moved to compel Plaintiffs to arbitrate all claims in the SAC, and that motion was fully briefed. The papers in support of the motion to compel, which have been served on Plaintiffs, explain H.E. Al-Rumaihi's immune diplomatic status and also shows that the claims of the SAC are all subject to arbitration under an unambiguous agreement to arbitrate. The motion has been scheduled for a hearing on April 19, 2019.

Plaintiffs' application for entry of default is a deliberate attempt to obtain a default judgment on claims against an accredited diplomat, even though Plaintiffs *know* H.E. Al-Rumaihi is immune from the Court's jurisdiction. Indeed, they have not contested his immunity. Plaintiffs and their counsel have thus "multiplie[d] the proceedings in [this] case unreasonably and vexatiously." 18 U.S.C. § 1927.

H.E. Al-Rumaihi recognizes that the Clerk's Office is not supposed to make adjudication of these jurisdictional issues. However, there would be diplomatic repercussions were the Clerk to enter a default here, where no one contests that H.E. Al-Rumaihi is entitled to immunity under the Vienna Convention. The Clerk is

therefore requested to reject Plaintiffs' Request, and to refer all issues regarding the alleged default back to the Court for resolution.

## II. PROCEDURAL BACKGROUND

On November 29, 2018, this Court issued an order (the "Order") that, among other things, granted Defendants' motion to strike to the extent of striking all of Plaintiffs' claims in the FAC, except for a single claim against Mr. Sabi. All claims against H.E. Al-Rumaihi were stricken. The remaining claim alleged that Mr. Sabi had repeated a third party's statement that Plaintiff Kwatinetz had made a racial slur. *See* ECF No. 57 at 11. The Order granted Plaintiffs leave to amend, but directed that amendment may be "*solely* for the purpose of remedying the deficiencies identified in this Order, and not for the purposes of introducing entirely new claims." *Id.* at 13 (emphasis in original). The Order did *not* grant Plaintiffs leave to assert new claims against H.E. Al-Rumaihi.

On December 4, 2018, H.E. Al-Rumaihi, specially-appearing as a non-party, filed a Notice of New Developments on the docket of this case (the "Notice"). The Notice explained that, "[w]hile H.E. Al-Rumaihi is no longer a party to this action as a result of the Anti-SLAPP Order, H.E. Al-Rumaihi believes it is nonetheless prudent to apprise the Court of . . . new developments, which preclude Plaintiffs from any further efforts to involve H.E. Al-Rumaihi in this action." ECF No. 58 at 1-2. The Notice disclosed H.E. Al-Rumaihi's diplomatic appointment as the Commercial Attaché for Investment for the State of Qatar. *Id*. at 1. The Notice further directed the Court to the State Department's most recently published Diplomatic List, which identified H.E. Al-Rumaihi as an accredited diplomat entitled to immunity under the Vienna Convention. *Id.* at 1.

On December 20, 2018, long after learning of H.E. Al-Rumaihi's diplomatic status, Plaintiffs filed their SAC. ECF No. 59. In defiance of the Court's Order, Plaintiffs asserted new claims, based on new alleged facts, against Mr. Sabi and the now-dismissed H.E. Al-Rumaihi. For example, Plaintiffs asserted a new libel claim,

3

1  alleging that Mr. Sabi and H.E. Al-Rumaihi had told investors and potential investors
2  in Big3 that Plaintiffs Kwatinetz and Jackson "were engaged in serious financial
3  misconduct and self-dealing." SAC ¶¶ 123-26; ECF No. 59. No such claim was
4  asserted in the FAC, and so Plaintiffs were not permitted to assert this or any other
5  new claim in the SAC. <u>But they did</u>. <u>All</u> the claims asserted against H.E. Al-Rumaihi
6  are new claims.
7  After the SAC was filed, the parties began to discuss settlement. They entered
8  into three joint stipulations extending the time to respond to the SAC "to allow the
9  parties additional time to continue focusing on the potential for the informal resolution
10 of the case." ECF No. 66. All the stipulations were entered as orders by the Court.
11 ECF Nos. 63, 65, 67. However, the case did not settle.
12 Prior to the expiration of the last of the three extensions, Mr. Sabi filed a Motion
13 to Compel Arbitration and Dismiss Complaint. ECF No. 68. That motion has been
14 fully briefed and is currently set for hearing on April 19, 2019.
15 In his moving and reply papers, Mr. Sabi raised the Notice filed by H.E. Al-
16 Rumaihi in December 2018 and stated that H.E. Al-Rumaihi remains a sitting,
17 accredited diplomat and is therefore immune from this Court's jurisdiction. ECF No.
18 68 at 1; No. 70 at 13-15. Mr. Sabi further noted that Plaintiffs' attempts to assert new
19 claims against H.E. Al-Rumaihi violated the prohibition on new claims contained in
20 the Court's Order. ECF No. 70 at 14-15.
21 On April 4, 2018, after the parties completed briefing on the Motion to Compel
22 Arbitration, Plaintiffs filed a "Request for Entry of Default as to Defendant Ahmed
23 Al-Rumaihi," which they noticed for hearing on May 3, 2019. ECF No. 71. On April
24 8, 2019, the Court took the May 3 hearing date off calendar and referred the matter to
25 the Court Clerk. ECF No. 72. The Court Clerk rejected the original Request as
26 deficient and required Plaintiffs to provide proof of service of the SAC. ECF No. 73.
27 Plaintiffs then resubmitted their Request with a proof of service, dated April 9,
28 2019, which asserted that service of the SAC was made on H.E. al-Rumaihi on

4

December 20, 2018, via CM/ECF service to the law firm that had represented him prior to the Court order striking all claims against him. The Request and accompanying Ben Meiselas Declaration admit that before the SAC was served, H.E. Al-Rumaihi had filed a Notice setting forth his immune diplomatic status. Motion at 4, Meiselas Decl. ¶ 6. *See* ECF No. 58.

### III. OBJECTIONS

#### A. Legal Standard

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986). First, Rule 55(a) provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). At both stages of this default process, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

#### B. The Court Clerk And Court Are Without Jurisdiction To Entertain Default Proceedings Against H.E. Al-Rumaihi

Federal courts are courts of limited jurisdiction. *United States v. Mark*, 530 F.3d 799, 810 (9th Cir. 2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). For this reason, the Ninth Circuit directs that, "[t]o avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d at 712.

It is strikingly evident here that the Court has no subject matter jurisdiction over

H.E. Al-Rumaihi and that no default should or may be entered. Entry of default by the Clerk against an accredited diplomat whose immunity from suit is uncontested would have serious repercussions beyond the confines of this case. If the Clerk believes that the Clerk's Office lacks power to make a formal determination on jurisdiction, no default should be entered. Instead, the Clerk should refer the claim of default and jurisdictional issues back to the Court, which can make an adjudication and issue appropriate direction afterwards if need be.

As shown in H.E. Al-Rumaihi's notice filed with the Court (ECF No. 58) and the current State Department official Diplomatic List (https://www.state.gov/documents/organization/287365.pdf), H.E. Al-Rumaihi *today* is a sitting, accredited diplomat in Qatar's embassy in the United States. To demonstrate diplomatic immunity to a court, "[i]t is enough that [the diplomat] has requested immunity, that the State Department has recognized that the person for whom it was requested is entitled to it, and that the Department's recognition has been communicated to the court." *Carrera v. Carrera*, 174 F.2d 496, 497 (D.C. Cir. 1949). The facts here meet this test for diplomatic immunity.

Thus, as a matter of law, H.E. Al-Rumaihi is entitled to immunity from civil suit in the United States under the Vienna Convention. ECF No. 58 at 1. The Diplomatic List itself explains that individuals identified on the list "enjoy full immunity under provisions of the Vienna Convention on Diplomatic Relations."[1] Article 31 of the Vienna Convention states that, except in strictly limited circumstances not applicable here, a diplomat "shall enjoy immunity" from civil and administrative "jurisdiction." *See also Devi v. Silva*, 861 F. Supp. 2d 135, 139 (S.D.N.Y. 2012) (dismissing action for lack of jurisdiction because defendant was entitled to immunity under Vienna Convention). H.E. Al-Rumaihi is thus immune from this Court's jurisdiction and may not be made a party to this litigation.

---

[1] https://www.state.gov/documents/organization/287365.pdf.

Because the Vienna Convention imposes a jurisdictional bar to suit, a plaintiff who seeks to invoke the judicial process against an individual claiming its protections bears the burden of demonstrating that the Convention does not apply. *See Devi*, 861 F. Supp. 2d at 139 (stating that it is the plaintiff's burden to establish that immunity does not apply). Plaintiffs made no effort to carry that burden. They did not object at the time the Notice was filed. Nor does their SAC contain any plausible allegation that H.E. Al-Rumaihi is outside of the Convention's protection. And now, their Request *admits* that H.E. Al-Rumaihi has filed the documents with the Court that establish his diplomatic immunity. The fact that they named him as a defendant in the SAC, and are now seeking a default on claims they know are not within the Court's jurisdiction, demonstrates that their Request is asserted in bad faith and solely to harass a diplomat.[2]

Because the Vienna Convention is a jurisdictional bar, H.E. Al-Rumaihi was not required to answer or respond to the SAC. Because jurisdiction is lacking, no default may be entered against him. *See In re Tuli*, 172 F.3d at 712; *Glynn v. Cigar Store, Inc.*, No. 18-CV-00031-MMC, 2018 WL 3145683, at *2 (N.D. Cal. June 27, 2018) ("Before a court may enter a default judgment, the court must determine that it has subject matter jurisdiction over the action and personal jurisdiction over the defendant."); *Smith v. World Bank Grp.*, 99 F. Supp. 3d 166, 171 (D.D.C. 2015), *aff'd*, 694 F. App'x 1 (D.C. Cir. 2017) (vacating entry of default against defendants subject to immunity under International Organizations Immunities Act because, like the Vienna Convention, such immunity deprived the court of jurisdiction).

---

[2] It is irrelevant that the claims against H.E. Al-Rumaihi may have arisen before he assumed diplomatic status. "[S]tatus at the time [the legal process is commenced] is not determinative" because diplomatic immunity "precludes the exercise of jurisdiction by the courts over an individual whether the incident occurred prior to or during the period in which such immunity exists." *United States v. Khobragade*, 15 F. Supp. 3d 383, 387 (S.D.N.Y. 2014); *Abdulaziz v. Metro. Dade Cty.*, 741 F.2d 1328, 1330 (11th Cir. 1984) ("diplomatic immunity . . . serves as a defense to suits already commenced").

7

We respectfully suggest that the Clerk decline to enter a default and refer the matter back to the Court for a determination on the issue of jurisdiction.

### C. Even If There Were Jurisdiction – And There Is Not – The Court Dismissed All Claims Against H.E. Al-Rumaihi and No Default May Be Entered Against Him

There is another basis on which default may not be entered: The Court barred Plaintiffs from asserting the claims against H.E. Al-Rumaihi on which they now seek default. Entry of default would effectively ignore Plaintiffs' defiance of the Court's order. While jurisdictional issues take precedence, the Clerk should also refer this issue back to the Court for possible determination.

As detailed in Mr. Sabi's reply briefing in support of the Motion to Compel, the Court's Order on the Anti-SLAPP motion dismissed all of the FAC's claims against H.E. Al-Rumaihi. The only claim that survived was "Kwatinetz's defamation causes of action against Sabi arising out of the former's [sic] alleged use of a racial slur…." ECF No. 57 at 13. H.E Al-Rumaihi cannot be in default of claims asserted in the SAC because this Court's order on the Anti-SLAPP Motion did not grant Plaintiffs leave to assert any claims against him. In the Court's own words: "Leave to amend is granted *solely* for the purpose of remedying the deficiencies identified in this Order, and not for the purpose of introducing entirely new claims." ECF No. 57 at 13 (emphasis original). In other words, the scope of permitted amendment was to amplify Plaintiffs' sole remaining claim against Mr. Sabi.

Nonetheless, Plaintiffs defied the Court, asserting *new* defamation and trade libel claims based on *new* factual allegations. For example, the SAC alleges that Defendants (inclusive of H.E. Al-Rumaihi, even though he was dismissed from the case) made additional defamatory remarks not alleged in the FAC – that Jackson and Kwatinetz "were misusing and misappropriating Big3 monies, assets, and materials to fund lavish lifestyles;" (SAC ¶¶ 131, 146); "committing grave financial misconduct" (*id.* ¶ 132); and "misusing and misappropriating (i.e. stealing) Big3

8

assets to fund lavish personal lifestyles, including by travelling by private planes at Big3's expense" (*id.* ¶ 154). The SAC also asserts a brand *new* claim for intentional interference with prospective economic relations, a tort that is distinct from the FAC's claim for intentional interference with contract. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1157 (2003).

Plaintiffs' efforts to introduce new claims of any nature, and to drag H.E. Al-Rumaihi back into a case from which he was dismissed, were not authorized by the limited leave granted in the Court's Order. Because the claims exceed the scope of the leave to amend granted, they cannot form the basis for default proceedings. Rather, they must be stricken from the SAC by the Court. *See Mariano v. U.S. Bank Nat'l Ass'n*, No. CV1210842MMMJCGX, 2013 WL 12138730, at *11 (C.D. Cal. Sept. 11, 2013) ("Unless he first obtains leave of court, Mariano may not allege additional claims or plead new factual allegations not designed to cure the defects noted in this order. Should the scope of any amendment exceed the scope of leave to amend granted by this order, the court will strike the offending portions of the pleading under Rule 12(f)."); *Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2010 WL 3984749, *1 (C.D. Cal. Oct. 12, 2010) (noting that the court had stricken a third amended complaint because plaintiffs' new claims and the addition of new defendants "exceeded the authorization to amend the court granted," and plaintiffs had not sought leave to add new claims or defendants as required by Rule 15).

//

//

## IV. CONCLUSION

For the foregoing reasons, the Clerk should not enter a default against H.E. Al-Rumaihi. The Clerk should either deny Plaintiffs' Request outright, or refer the issues identified above back to the Court for determination.

Dated: April 9, 2019    **DLA PIPER LLP (US)**

By: */s/ Miles M. Cooley*
    Miles M. Cooley
    Andrew L. Deutsch
    Attorneys for
    SPECIALLY-APPEARING NON-PARTY
    H.E. AHMED AL-RUMAIHI

