# EXHIBIT J

## 2018 AHMED YOUSEF A. J. AL-RUMAIHI IRREVOCABLE TRUST AGREEMENT

THIS 2018 AHMED YOUSEF A. J. AL-RUMAIHI IRREVOCABLE TRUST AGREEMENT is made effective as of the 7th day of September, 2018 (the "Effective Date"), by AHMED YOUSEF A. J. AL-RUMAIHI (the "Grantor") and ISLAM ZUGHAYER a/k/a SAM ZUGHAYER (the "Trustee").

### WITNESSETH

The Grantor is the Commercial Attaché for Investment Affairs at the Embassy of the State of Qatar (the "Role"). The United States Department of State prohibits persons in the Role from engaging in any professional or commercial activity in the United States (the "State Department Requirement").

In order to comply with the State Department Requirement, as of the Effective Date, the Grantor hereby delivers to the Trustee, and the Trustee hereby accepts, the assets listed on Schedule A, annexed hereto. The Trustees shall hold those assets and any additional assets transferred to them as the 2018 Ahmed Yousef A. J. Al-Rumaihi Irrevocable Trust pursuant to the following terms:

### SECTION ONE - DISPOSITIVE TERMS

A. During the Grantor's lifetime, the Trustees may pay to one or more of the Grantor's children any or all of the net income and/or principal of the Trust if, in the Trustees' sole and absolute discretion, such payment may be necessary or advisable for such child's health, education, maintenance, or support, without the necessity of making equal or *pro rata* distributions among such persons. The Trustees shall add any undistributed income to the principal of the Trust.

B. Upon the Grantor's death, the Trustees shall distribute any unappointed part of the Trust to the Grantor's then living descendants, *per stirpes*.

C. If any portion of any trust created hereunder is not disposed of pursuant to the other sections of this Trust Agreement, then the Trustees shall distribute such portion to the Grantor's then living descendants, *per stirpes*, and, if none, to the Grantor's heirs.

### SECTION TWO – APPOINTMENT OF ADDITIONAL AND SUCCESSOR TRUSTEES

A. Until the Termination Date (defined below), under no circumstances may the Grantor or any Interested Party be appointed as a Trustee hereunder.

B. 1. Until the Termination Date, if ISLAM ZUGHAYER a/k/a SAM ZUGHAYER fails for any reason to continue as Trustee hereunder and has not appointed a

1

162262241.3
423109-000002

successor Trustee pursuant to Paragraph B of this Section, JOE DUANE BRIGGS shall serve in his place.

    2.    Upon the Termination Date, the Grantor shall become a co-Trustee of any and all trusts created hereunder and shall also have the right to remove any and all other co-Trustees of such trusts.

    C.    Any individual Trustee serving for whom no successor has been appointed or is qualified to serve shall have the right to appoint a successor individual Trustee and/or, if the individual is serving as sole Trustee, to appoint a corporate Trustee as his or her successor.

    D.    Until the Termination Date, no Trustees named herein or appointed hereunder shall be permitted to serve as Trustee unless they are considered an Independent Trustee (defined below).

    E.    An individual Trustee, acting unanimously when more than one is serving, shall have the right to appoint one or more individuals to act as additional individual Trustees, to appoint a corporate Trustee as an additional Trustee, and/or to remove any corporate Trustee hereunder, regardless of who appointed such corporate Trustee and without the need to appoint a successor corporate Trustee.

    F.    The Trustee shall have the right, by a duly acknowledged instrument delivered to the Grantor, to resign as Trustee.

    G.    A duly appointed successor Trustee shall have all of the rights, powers, discretions, and duties conferred or imposed hereunder upon the original Trustee.

## SECTION THREE – TAXES AND REPORTING

    A.    Until the Termination Date, income tax return of the Trust shall be prepared by the Trustee or his designee, and such return and any information relating thereto (other than the Trust income summarized in appropriate categories necessary to complete the Grantor's tax return), shall not be disclosed to the public or to any Interested Party. To effectuate the provisions of this SECTION TWO, the Trustee shall use his best efforts to provide the Grantor, promptly after the close of each taxable year of the Trust, with that information concerning the Trust, including information on income, expenses, capital gains and capital losses, which is necessary for the Grantor to prepare and file tax returns required by the laws of the United States and the laws of any State, district or political subdivision; provided however, that in no event shall the Trustee disclose publicly or to any Interested Party any information whatsoever which might identify the securities or other property which comprise the assets of the Trust or identify the securities or other property which have been sold from the assets of the Trust.

    B.    Except as provided herein, the Trustee shall make no accounting to the Grantor until the Termination Date, and, at such time, the Trustee shall be required to make full and proper accounting to the Grantor and the Grantor's descendants.

162262241.3
423109-000002

## SECTION FOUR – COMMUNICATION AND ADMINISTRATIVE PROVISIONS

A. Until the Termination Date, except as otherwise specifically provided herein, the Trustee shall not communicate, directly or indirectly, with the Grantor and/or any other Interested Party with respect to the Trust or any assets held hereunder except for written communications related to (i) the general financial interest and needs of an Interested Party (including, but not limited to, an interest in maximizing income or long-term capital gain), (ii) notifying the Trustee of a law or regulation subsequently applicable to an Interested Party which prohibits the asset from continuing to be held by the Trustee, (iii) providing directions to the Trustee to sell all of an asset initially placed in the Trust by the Grantor which, in the determination of the Grantor, creates a conflict of interest or the appearance thereof due to the subsequent assumption of duties by the Grantor, or (iv) the Trustee providing an annual report to the Grantor and/or the Grantor's descendants, for each tax year, of the net income or loss of the Trust and make other reports necessary to enable the Grantor to complete an individual income tax return required by law.

B. Until the Termination Date, the Trustee shall not:

1. Disclose any information to any Interested Party with respect to this Trust that may not be disclosed pursuant to any provision or requirement under this Trust Agreement.

2. Acquire any holding, the ownership of which is prohibited by, or not in accordance with the terms of, this Trust Agreement, including the acceptance of any contribution in cash or in kind to the Trust from an individual other than the Grantor.

3. Solicit advice from the Grantor or any other Interested Party with respect to the investment of any assets of the Trust.

## SECTION FIVE – TRUSTEE POWERS

In addition to the rights, duties, and powers conferred upon the Trustee by law, the Trustee shall have the following powers, rights, and discretion with respect to any Trust property held by him or her:

A. To sell, exchange, or otherwise dispose of the property in such manner and upon such terms as the Trustee in its sole discretion shall deem appropriate;

B. Except as limited by this Trust Agreement, to invest and reinvest the principal and any undistributed income in property of any kind;

C. Except as limited by this Trust Agreement, to participate in any reorganization, consolidation, merger, or dissolution of any corporation having stocks, bonds or other securities which may be held at any time, to receive and hold any property which may be allocated or

3

distributed to it by reason of participation in any such reorganization, consolidation, merger, or dissolution;

    D.    To exercise all conversion, subscription, voting, and other rights of whatsoever nature pertaining to any such property and to grant proxies, discretionary, or otherwise, with respect thereto;

    E.    To elect, appoint, and remove directors of any corporation, the stock of which shall constitute Trust property, and to act through its nominee as a director or officer of any such corporation;

    F.    Except as limited by this Trust Agreement, to manage, control, operate, convert, reconvert, invest, reinvest, sell, exchange, lease, mortgage, grant a security interest in, pledge, pool, or otherwise encumber and deal with the property of this Trust for Trust purposes and on behalf of the Trust to the same extent and with the same powers that any individual would have with respect to his own property and funds (but such actions may not take into account any interests of an Interested Party or other individual outside of those interests held by the Trust);

    G.    Except as specifically limited in this Trust Agreement, to borrow money from any person or corporation (including the Trustee hereunder) and for the purpose of securing the payment thereof, to pledge, mortgage, or otherwise encumber any and all such Trust property for Trust purposes upon such terms, covenants, and conditions as it may deem proper and also to extend the time of payment of any loans or encumbrances which at any time may be encumbrances on any such Trust property, irrespective of by whom the same were made or where the obligations may or should ultimately be borne on such terms, covenants, and conditions as it may deem proper (but such actions may not take into account any interests of an Interested Party or other individual outside of those interests held by the Trust);

    H.    To register any property belonging to the Trust in the name of a nominee, or to hold the same unregistered, or in such form that title shall pass by delivery;

    I.    To abandon, settle, compromise, extend, renew, modify, adjust, or submit to arbitration in whole or in part and without the order or decree of any court any and all claims whether such claims shall increase or decrease the assets held under this Trust Agreement;

    J.    To determine whether or to what extent receipts should be deemed income or principal, whether or to what extent expenditures should be charged against principal or income, and whether or to what extent other adjustments should be made between principal and income, provided that such adjustments shall not conflict with well-settled rules for the determination of principal and income adjustments or the Uniform Principal and Income Act in effect in the District of Columbia;

    K.    To determine whether or not to amortize bonds purchased at a premium;

L.   Except to the extent otherwise expressly provided in this Trust Agreement, to make distributions to or at the request of an Interested Party in kind or in cash or partly in each and for such purposes to fix, insofar as legally permissible, the value of any property;

M.   To hire and pay such persons employed to assist in the administration of the Trust, including investment counsel, accountants, and those engaged for assistance in preparation of tax returns, such sums as the Trustee deems to be reasonable compensation for the services rendered by such persons. Such persons may rely upon and execute the written instructions of the Trustee, and shall not be obliged to inquire into the propriety thereof. No person may be employed or consulted by the Trustee to assist it in any capacity in the administration of the Trust or the management and control of Trust assets, including investment counsel, investment advisers, accountants, and those engaged for assistance in preparation of tax returns, unless:

1.   Such person, under all the facts and circumstances, would be determined not to be related and/or subordinate to an Interested Party,

2.   Such person is instructed by the Trustee to make no disclosure to the public or to any Interested Party which might identify the securities or other property which comprise the assets of the Trust or identify securities or other property which have been sold from the assets of the Trust, or of any other information which may not be disclosed by the Trustee, and

3.   Such person is instructed by the Trustee to have no direct communication with any Interested Party, and that any indirect communication with an Interested Party shall be made only through the Trustee pursuant to SECTION FOUR of this Trust.

N.   Except as specifically limited in this Trust Agreement, to do all such acts, take all such proceedings, and exercise all such rights and privileges, although not otherwise specifically mentioned in this SECTION FIVE, with relation to any such Trust property, as if the Trustee were the absolute owner thereof, and in connection therewith to make, execute, and deliver any instruments and to enter into any covenants or agreements binding the Trust.

O.   The Trustee shall not, at any time, be held liable for any action taken or not taken or for any loss or depreciation of the value of any property held in the Trust whether due to an error of judgment or otherwise where the Trustee has exercised good faith and ordinary diligence in the exercise of its duties as would have been exercised by a prudent person.

## SECTION SIX – DEFINITIONS AND MISCELLANEOUS PROVISIONS

A.   The validity, construction and administration of this Trust shall be governed by the laws of the District of Columbia.

B.   For all purposes under this Trust Agreement, the term "Termination Date" shall refer to the point in time when the Grantor ceases, for any reason, to serve in the Role or in any other position to which the State Department Requirement applies.

C.  For all purposes under this Trust Agreement, the terms "Interested Party" or "Interested Parties" shall mean the Grantor, his former spouse, his descendants and any of their representatives, and shall also include any future spouses or descendants of the Grantor.

D.  For all purposes under this Trust Agreement, the term "Independent Trustee" refers to any then serving individual Trustee other than an individual Trustee who (a) is an Interested Party, (b) is the spouse of or legally obligated to support an Interested Party, or (c) is affiliated with, associated with, related to, or subject to the control or influence of an Interested Party, including any current or former investment advisor, business partner, accountant, attorney or relative of the Grantor.

E.  The term "Disinterested Trustee" shall refer to a Trustee who is serving as Trustee *other than* an individual who (1) has a beneficial interest, present or future, in any trust established hereunder, or (2) is the spouse of or legally obligated to support any person who has such a beneficial interest, and, in addition, shall only refer to any then serving Trustee other than a Trustee who is an "adverse party" as that term is defined under Code Section 672(a).

F.  Notwithstanding anything hereunder to the contrary, should the Trustee wish to distribute income and/or principal to a beneficiary who is a minor for purposes of any applicable Uniform Gifts to Minors Act or Uniform Transfers to Minors Act, the Trustee shall, instead of distributing such income and/or principal to such beneficiary outright, distribute such income and/or principal to such person or institution as the Trustee may designate as Custodian for such beneficiary under such Act, with all the duties and powers in such Custodian as are set forth therein; and, if permitted by such Act, such custodianship shall continue until such beneficiary attains the age of twenty-one (21) years. The Trustee shall be included among the persons and institutions eligible to be designated as Custodian hereunder. Until the Trust Termination, the Grantor shall not be eligible to be designated as a Custodian hereunder. No Custodian shall be required to post bond.

G.  The Disinterested Trustee, in his or her sole and absolute discretion, may grant any power of appointment by will to the Grantor or a beneficiary of any trust established hereunder to include creditors of such person's estate and/or creditors of such person's estate as a possible appointee. It is intended that such Disinterested Trustee consider conferring such power in part in order to mitigate income (including capital gains), estate and/or generation-skipping transfer taxes that might otherwise be imposed.

H.  This Trust shall be irrevocable. The Grantor reserves no right to alter, amend, revoke, or modify the Trust, and the Grantor retains no interest, vested or contingent, in the assets of the Trust.

I.  Each asset listed in the annexed Schedule A is free of any restriction with respect to its transfer or sale, except as fully described in such Schedule A, and none of the assets listed are prohibited by any law or regulation.

*(Signatures to follow on next page.)*

6

IN WITNESS WHEREOF, the Grantor and the Trustee have executed and sealed this 2018 Ahmed Yousef A. J. Al-Rumaihi Irrevocable Trust Agreement effective as of the day and year first above written.

WITNESS:

_____          _____ (SEAL)
                                            AHMED YOUSEF A. J. AL-RUMAIHI,
                                            Grantor

_____          _____ (SEAL)
                                            ISLAM ZUGHAYER a/k/a SAM ZUGHAYER,
                                            Trustee

STATE OF DISTRICT OF COLUMBIA
CITY/COUNTY OF DISTRICT OF COLUMBIA

    I HEREBY CERTIFY that on this 8 day of NOVEMBER, 2018, before me, the subscriber, a Notary Public in and for the State aforesaid, personally appeared AHMED YOUSEF A. J. AL-RUMAIHI, as Grantor, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing 2018 Ahmed Yousef A. J. Al-Rumaihi Irrevocable Trust Agreement and who acknowledged that he executed the same for the purposes therein contained.

WITNESS my hand and notarial seal.

_____
Notary Public
My Commission Expires: 10-14-2021

STATE OF DISTRICT OF COLUMBIA
CITY/COUNTY OF DISTRICT OF COLUMBIA

    I HEREBY CERTIFY that on this 8 day of NOVEMBER, 2018, before me, the subscriber, a Notary Public in and for the State aforesaid, personally appeared ISLAM ZUGHAYER a/k/a SAM ZUGHAYER, as Trustee, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing 2018 Ahmed Yousef A. J. Al-Rumaihi Irrevocable Trust Agreement and who acknowledged that he executed the same for the purposes therein contained.

WITNESS my hand and notarial seal.

_____



Notary Public
My Commission Expires: 10-14-2021

KATHRYN MELISSA SHAW
NOTARY PUBLIC DISTRICT OF COLUMBIA
Commission Expires October 14, 2021

KATHRYN MELISSA SHAW
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 14, 2021

8

162262241.3
423109-000002

## SCHEDULE A – LIST OF ASSETS

| Asset Name |
|---|
| % Interest in Sport Trinity, LLC |

## ASSIGNMENT

THIS ASSIGNMENT (this "*Assignment*") is made effective as of September 7, 2018, by and between AHMED YOUSEF A. J. AL-RUMAIHI (the "*Grantor*") and ISLAM ZUGHAYER a/k/a SAM ZUGHAYER, as Trustee (the "*Trustee*") of the 2018 Ahmed Yousef A. J. Al-Rumaihi IRREVOCABLE Trust (the "*Trust*").

### EXPLANATORY STATEMENTS

WHEREAS, The Grantor desires to transfer and assign his entire interest in Sport Trinity, LLC (the "*Interest*") to the Trust, and the Trustee desires to accept the Interest.

NOW, THEREFORE, in consideration of the mutual premises herein contained and no payment by the Trust as Assignee, the parties hereby agree as follows:

1. The Grantor hereby assigns, transfers and sets over the Interest to the Trust, and the Trustee hereby accepts such assignment.

2. The Grantor and the Trustee hereby agree to execute, acknowledge and deliver such other documents and instruments and take such other actions as any party, or counsel to either party, may reasonably request to complete and perfect this assignment from the Grantor to the Trust.

3. This Assignment shall be construed and enforced in accordance with the laws of the District of Columbia.

IN WITNESS WHEREOF, the parties hereto have caused this Assignment to be duly effective as of the date first above written.

WITNESS:

_____

ASSIGNOR

_____(SEAL)
AHMED YOUSEF A. J. AL-RUMAIHI

ASSIGNEE

_____(SEAL)
ISLAM ZUGHAYER a/k/a
SAM ZUGHAYER, Trustee,
2018 Ahmed Yousef A. J. Al-Rumaihi
IRREVOCABLE Trust

## ASSIGNMENT

THIS ASSIGNMENT (this "*Assignment*") is made effective as of September 7, 2018, by and between AHMED YOUSEF A. J. AL-RUMAIHI (the "*Grantor*") and ISLAM ZUGHAYER a/k/a SAM ZUGHAYER, as Trustee (the "*Trustee*") of the 2018 Ahmed Yousef A. J. Al-Rumaihi IRREVOCABLE Trust (the "*Trust*").

### EXPLANATORY STATEMENTS

WHEREAS, The Grantor desires to transfer and assign his entire interest in Sport Trinity, LLC (the "*Interest*") to the Trust, and the Trustee desires to accept the Interest.

NOW, THEREFORE, in consideration of the mutual premises herein contained and no payment by the Trust as Assignee, the parties hereby agree as follows:

1. The Grantor hereby assigns, transfers and sets over the Interest to the Trust, and the Trustee hereby accepts such assignment.

2. The Grantor and the Trustee hereby agree to execute, acknowledge and deliver such other documents and instruments and take such other actions as any party, or counsel to either party, may reasonably request to complete and perfect this assignment from the Grantor to the Trust.

3. This Assignment shall be construed and enforced in accordance with the laws of the District of Columbia.

IN WITNESS WHEREOF, the parties hereto have caused this Assignment to be duly effective as of the date first above written.

**WITNESS:**  **ASSIGNOR**

_____  _____(SEAL)
                          AHMED YOUSEF A. J. AL-RUMAIHI

                          **ASSIGNEE**

_____  _____(SEAL)
                          ISLAM ZUGHAYER a/k/a
                          SAM ZUGHAYER, Trustee,
                          2018 Ahmed Yousef A. J. Al-Rumaihi
                          IRREVOCABLE Trust

162262241.3
423109-000002

Exhibit J, Page 260

IN WITNESS WHEREOF, the Grantor and the Trustee have executed and sealed this 2018 Ahmed Yousef A. J. Al-Rumaihi Irrevocable Trust Agreement effective as of the day and year first above written.

WITNESS:

                                                   (SEAL)
AHMED YOUSEF A. J. AL-RUMAIHI,
Grantor

                                                   (SEAL)
ISLAM ZUGHAYER a/k/a SAM ZUGHAYER,
Trustee

STATE OF _____
CITY/COUNTY OF _____

    I HEREBY CERTIFY that on this \_\_\_\_\_ day of _____, 2018, before me, the subscriber, a Notary Public in and for the State aforesaid, personally appeared AHMED YOUSEF A. J. AL-RUMAIHI, as Grantor, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing 2018 Ahmed Yousef A. J. Al-Rumaihi Irrevocable Trust Agreement and who acknowledged that he executed the same for the purposes therein contained.

    WITNESS my hand and notarial seal.

                                                Notary Public
                                                My Commission Expires:

STATE OF New York
CITY/COUNTY OF New York

    I HEREBY CERTIFY that on this 8th day of November, 2018, before me, the subscriber, a Notary Public in and for the State aforesaid, personally appeared ISLAM ZUGHAYER a/k/a SAM ZUGHAYER, as Trustee, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing 2018 Ahmed Yousef A. J. Al-Rumaihi Irrevocable Trust Agreement and who acknowledged that he executed the same for the purposes therein contained.

    WITNESS my hand and notarial seal.

                                                Notary Public /s/ Chelsea
                                                My Commission Expires: 4/18/2019

8

162262241.3
423109-000002

Chelsea Morris
Notary Public - State of New York
Qualified in New York City
My Commission Expires 4/18/2019

Exhibit J, Page 261

## ASSIGNMENT

THIS ASSIGNMENT (this "Assignment") is made effective as of September 7, 2018, by and between AHMED YOUSEF A. J. AL-RUMAIHI (the "Grantor") and ISLAM ZUGHAYER a/k/a SAM ZUGHAYER, as Trustee (the "Trustee") of the 2018 Ahmed Yousef A. J. Al-Rumaihi IRREVOCABLE Trust (the "Trust").

### EXPLANATORY STATEMENTS

WHEREAS, The Grantor desires to transfer and assign his entire interest in Sport Trinity, LLC (the "Interest") to the Trust, and the Trustee desires to accept the Interest.

NOW, THEREFORE, in consideration of the mutual premises herein contained and no payment by the Trust as Assignee, the parties hereby agree as follows:

1. The Grantor hereby assigns, transfers and sets over the Interest to the Trust, and the Trustee hereby accepts such assignment.

2. The Grantor and the Trustee hereby agree to execute, acknowledge and deliver such other documents and instruments and take such other actions as any party, or counsel to either party, may reasonably request to complete and perfect this assignment from the Grantor to the Trust.

3. This Assignment shall be construed and enforced in accordance with the laws of the District of Columbia.

IN WITNESS WHEREOF, the parties hereto have caused this Assignment to be duly effective as of the date first above written.

**WITNESS:**

**ASSIGNOR**

_____(SEAL)
AHMED YOUSEF A. J. AL-RUMAIHI

**ASSIGNEE**

_____(SEAL)
ISLAM ZUGHAYER a/k/a
SAM ZUGHAYER, Trustee,
2018 Ahmed Yousef A. J. Al-Rumaihi
IRREVOCABLE Trust

11

162262241.3
423109-000002