**GERAGOS & GERAGOS**
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS           SBN 108325
BEN J. MEISELAS           SBN 277412
Attorneys for Plaintiffs BIG3 BASKETBALL, LLC, O'SHEA JACKSON a/k/a ICE CUBE, and JEFF KWATINETZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG3 LLC, a limited liability company; O'SHEA JACKSON a/k/a ICE CUBE, an individual; and JEFF KWATINETZ, an individual,<br><br>Plaintiffs<br><br>vs.<br><br>AHMED AL-RUMAIHI, an individual; FAISAL AL-HAMADI, an individual; AYMAN SABI, an individual; SHEIKH ABDULLAH BIN MOHAMMED BIN SAU AL THANI, an individual and as CEO of Qatar Investment Authority; and DOES 1–100,<br><br>Defendants. | Case No. 2:18-CV-3466 DMG<br><br>Assigned for all purposes to The Honorable Dolly M. Gee<br><br>**OPPOSITION TO MOTION TO DISMISS PURSUANT TO VIENNA CONVENTION ON DIPLOMATIC RELATIONS AND DIPLOMATIC RELATIONS ACT**<br><br>**Hearing:**<br>Date: June 21, 2019<br>Time: 9:30 a.m.<br>Courtroom: 8C |

## I. INTRODUCTION

On April 15, 2019, the Court Ruled on Defendant Al-Rumaihi's Objections to Plaintiffs' Request for Entry of Default as to Defendant Al-Rumaihi, holding that Defendant Al-Rumaihi did not enjoy diplomatic immunity under the Vienna Convention. Following the Court's Order, Plaintiffs' counsel informed Defendant Al-Rumaihi's counsel that the allegations in Plaintiffs' operative Second Amended Complaint relate solely to conduct that precedes Defendant Al-Rumaihi's purported diplomatic appointment and is therefore subject to the Vienna Convention's Article 31.1(c) exception. Nonetheless, Defendant Al-Rumaihi filed what are in essence the same objections in the form of the instant Motion to Dismiss, apparently not satisfied with the Court's April 15, 2019 Order. Indeed, in its recent May 13, 2019 Order on Plaintiffs' Renewed Request for Entry of Default, the Court stated that "Plaintiffs should have no difficulty raising [the] point" that the Court has already rejected Defendant Al-Rumaihi's diplomatic immunity arguments in this Opposition. Defendant Al-Rumaihi has been playing procedural games and wasting counsel's and the Court's time for far too long with diplomatic immunity arguments that have already been definitively rejected. His Motion to Dismiss should be denied.

## II. STATEMENT OF FACTS

- On February 19, 2019, Plaintiffs entered a Stipulation with Defendant Al-Rumaihi and Defendant Sabi, allowing Defendants an extension of time to respond to Plaintiffs' Second Amended Complaint. (ECF No. 66.) The Court approved this Stipulation, setting a March 21, 2019 response deadline. (ECF No. 67.)

- On March 21, 2019, instead of answering Plaintiffs' Second Amended Complaint, Defendant Sabi filed a Motion to Compel Arbitration. (ECF No. 68.) Meanwhile, Defendant Al-Rumaihi did not file a response of any kind.

- On April 9, 2019, Plaintiffs filed a Request for Entry of Default. (ECF No. 74.) On the same day, Defendant Al-Rumaihi filed Objections to this Request. (ECF

No. 75.) Defendant Al-Rumaihi argued in his Objections that he was diplomatically immune from suit and that Plaintiffs had not been permitted to name him as a Defendant in their Second Amended Complaint. (ECF No. 75.)

- On April 15, 2019, the Court issued an order denying Plaintiffs' Request for Entry of Default without prejudice, expressly rejecting the arguments in Defendant Al-Rumaihi's Objections and holding that Defendant Al-Rumaihi was not immune from suit. (ECF No. 77.) The Court explained that the Vienna Convention's Article 31.1(c) exception applies to conduct that occurred before August 27, 2018 (the date of Defendant Al-Rumaihi's diplomatic appointment) and that relates to the parties' commercial dealings. (ECF No. 77.)

- In its April 15, 2019 Order, the Court specifically held that it had authority to enter a default against Defendant Al-Rumaihi, but it declined to exercise that authority because it found that Defendant Al-Rumaihi's failure to respond was due to error of his counsel. (ECF No. 77, at 3–4.) The Court therefore ordered Defendant Al-Rumaihi to file a response to Plaintiffs' Second Amended Complaint within twenty-one days. (ECF No. 77, at 4.)

- On May 5, 2019, Ben Meiselas, counsel for Plaintiffs reached out to counsel for Defendant Al-Rumaihi by email, assuring Defendant Al-Rumaihi's counsel that all of Plaintiffs' claims against Defendant Al-Rumaihi in this action relate to conduct by Defendant Al-Rumaihi prior to his August 27, 2018 diplomatic appointment. (ECF No. 86-1 ¶ 16, Ex. A.) Mr. Meiselas urged Defendant Al-Rumaihi to comply with the Court's April 15, 2019 Order and not relitigate decided matters. (ECF No. 86-1 ¶ 16, Ex. A.)

- Instead of answering Plaintiffs' First Amended Complaint, Defendant Al-Rumaihi filed the instant Motion to Dismiss on May 6, 2019. (ECF No. 84.) The basis for this Motion is that Defendant Al-Rumaihi is diplomatically immune from suit under the Vienna Convention. Defendant Al-Rumaihi relies on this argument, even though the Court has already expressly rejected it.

- On May 7, 2019, Plaintiffs filed a Renewed Request for Entry of Default as to Defendant Al-Rumaihi, pointing out that Defendant Al-Rumaihi's instant Motion to Dismiss was made in direct contravention to the Court's April 15, 2019 Order, which expressly held that Defendant Al-Rumaihi was not diplomatically immune from suit and that the Court has jurisdiction over him. (ECF No. 86.)

- On May 13, 2019, the Court issued an Order denying Plaintiffs' Renewed Request for Entry of Default. (ECF No. 90.) In this Order, the Court reiterated that "the Court rejected Al-Rumaihi's argument that he has immunity under the Vienna Convention . . . ." (ECF No. 90, at 1.) The basis of the Court's denial of Plaintiffs' Renewed Request for Entry of Default was that Defendant Al-Rumaihi had complied with the Court's April 15, 2019 Order by satisfying his procedural obligation to respond to Plaintiffs' Second Amended Complaint, even if his response raised arguments that had already been rejected. (*See* ECF No. 90.) In addressing Plaintiffs' argument that the issue raised by Defendant Al-Rumaihi's instant Motion to Dismiss had already been decided, the Court indicated that "Plaintiffs should have no difficulty raising that point in their . . . opposition to Al-Rumaihi's Motion to Dismiss." (ECF No. 90, at 2.)

### III. <u>ARGUMENT</u>

The Court expressly held in its April 15, 2019 Order that Defendant Al-Rumaihi was not immune from suit under the Vienna Convention, as the Convention's Article 31.1(c) exception applied because at least some of the claims asserted against Defendant Al-Rumaihi in Plaintiffs' Second Amended Complaint arose out of misconduct that occurred prior to Defendant Al-Rumaihi's August 27, 2018 diplomatic appointment. (ECF No. 77, at 2.)

On May 5, 2019, Plaintiffs' counsel assured Defendant Al-Rumaihi's counsel that all claims asserted against Defendant Al-Rumaihi were premised on conduct that occurred prior to Defendant Al-Rumaihi's August 27, 2018 diplomatic appointment,

thus clarifying that the Vienna Convention's Article 31.1(c) exception was fully applicable. (ECF No. 86-1 ¶ 16, Ex. A.) Despite Plaintiffs' counsel's communication, however, Defendant Al-Rumaihi filed the instant Motion to Dismiss the following day, once again asserting diplomatic immunity, in direct contravention to the Court's April 15, 2019 Order.[1] (ECF No. 84.) Though the Court denied Plaintiffs' Renewed Request for Entry of Default as to Defendant Al-Rumaihi, in its Order denying the Request, the Court reinforced that "the Court rejected Al-Rumaihi's argument that he has immunity under the Vienna Convention . . . ." (ECF No. 90, at 1.)

It has been well over one year since Plaintiffs initiated their lawsuit, and Defendants still have yet to answer. Defendant Al-Rumaihi's actions are particularly egregious, however. Despite three extensions of time to file a response to Plaintiffs' Second Amended Complaint, Defendant Al-Rumaihi submitted nothing at all. When this Court graciously allowed him yet another extension of time, pointing out that he had been in error in assuming that he was not required to respond and explaining why he had been in error, Defendant Al-Rumaihi blatantly defied the Court's Order and, rather than answering, filed a Motion to Dismiss based on the very same reasoning that the Court had expressly rejected. Indeed, Defendant Al-Rumaihi's completely illegitimate stratagems have so far bought him an additional sixty-eight days above and beyond the already grossly inflated time that Defendant Sabi had to respond.

---

[1] Defendant Al-Rumaihi's instant Motion to Dismiss is just the latest in a long line of stall tactics that Defendants have taken to avoid filing answers in this matter. These maneuvers began with Defendants' Notice of Removal, extracting this case from its original state-court forum. (ECF No. 1.) After specifically invoking this Court's jurisdiction via the Notice of Removal, Defendants further took advantage of its resources by next filing an Anti-SLAPP Motion. (ECF No. 8.) After Plaintiffs filed their Second Amended Complaint, the shenanigans continued, with Defendant Sabi filing a Motion to Compel Arbitration, suddenly disclaiming this Court's jurisdiction, and Defendant Al-Rumaihi filing no response at all. After the Court rejected as meritless Defendant Al-Rumaihi's arguments as to why he was not required to respond, it forgave Defendant Al-Rumaihi's error and allowed him yet another twenty-one days in which to file a proper response to Plaintiffs' Second Amended Complaint. (ECF No. 77.) Instead of being mindful of the Court's holdings, however, Defendant Al-Rumaihi directly contravened them, once again arguing immunity under the Vienna Convention despite the fact that the Court expressly found that this did not exist. (ECF Nos. 77, 84.)

Defendant Al-Rumaihi has held up proceedings in this matter for far too long. The premise of his Motion to Dismiss has already been rejected by this Court more than once and should not be reassessed. Defendant Al-Rumaihi's Motion to Dismiss should be denied and the Court should order Defendant Al-Rumaihi to answer Plaintiffs' Second Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons Defendant Al-Rumaihi's instant Motion to Dismiss should be DENIED and Defendant Al-Rumaihi should be ordered to answer Plaintiffs' Second Amended Complaint.

DATED: May 28, AD 2019                    GERAGOS & GERAGOS, APC

                                          By: /s/Ben Meiselas
                                              MARK J. GERAGOS
                                              BEN J. MEISELAS
                                              Attorneys for Plaintiffs